## Sterling P. Rounds

*v.*

### Nettie F. McCormick *et al.*

*Filed at Ottawa June 13, 1885.*

Stockholders—*remedy upon their liability for debts of corporation— when in equity.*   The liability of stockholders under section 9 of the act of 1857, entitled "An act for the formation of manufacturing, mining, mechanical and chemical corporations," is to the creditors of the corporation as a class, and not to each individual creditor.   Therefore, the remedy of a creditor seeking to enforce the personal liability created by that section, is in a court of equity, and not at law.

Writ of Error to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. R. S. Williamson, Judge, presiding.

Mr. F. W. Becker, for the plaintiff in error:

Whether defendant might have set up the defence that the capital stock had not been fully subscribed, as against the corporation, on a call, had he not waived his right, is not pertinent to this inquiry.   That he can not set up this defence, or deny the existence of the corporation, as against a creditor of the corporation, after having acquiesced in the organization, acts and contracts of the company to the extent here shown, is established by many authorities.   Morawetz on Private Corporations, secs. 145, 259, 285, 576, 595; Thompson on

Liability of Stockholders, secs. 120, 400, 409, 415; *Johnston* v. *Bank*, 3 Strobh. Eq. 263; *Stillman* v. *Dougherty*, 44 Md. 380; *Hager* v. *Cleveland*, 36 Md. 476; *O. H. and W. M. Co.* v. *Canney*, 54 N. H. 295; *Eaton* v. *Aspinwall*, 19 N. Y. 119; *Abbott* v. *Aspinwall*, 26 Barb. 202; *Slocum* v. *Warren*, 10 R. I. 112; *McHose* v. *Wheeler*, 45 Pa. St. 32; *Patterson* v. *W. M. Co.* 40 id. 117; *Farrar* v. *Walker*, 3 Dill. 506; *Gaff* v. *Fisher*, 33 Ohio St. 107; *Railroad Co.* v. *Railroad Co.* 105 Ill. 110; *Hickling* v. *Wilson*, 104 id. 54; *Dows* v. *Naper*, 91 id. 44; *McCarthy* v. *Lavasche*, 89 id. 270; *Wheelock* v. *Kost*, 77 id. 296; *Corwith* v. *Culver*, 69 id. 502.

Messrs. Miller, Lewis & Judson, for the defendants in error:

The appropriate remedy was by bill in equity, and not an action at law.    *Harper* v. *Manufacturing Co.* 100 Ill. 225; *Low* v. *Buchanan*, 94 id. 76.

There being no evidence that C. H. McCormick was a stockholder at the time the debt was contracted, he was not liable. *Culver* v. *Bank*, 64 Ill. 528.

Mr. Justice Scott delivered the opinion of the Court:

This suit seems to have been brought to the October term, 1872, of the Superior Court.    It is a suit at law, and was brought by Sterling Rounds, against Cyrus H. McCormick, since deceased, to enforce his supposed liability to plaintiff as a stockholder in the Chicago News Printing Company, for goods, wares and merchandise sold and delivered to the company.    Since the death of the original defendant the suit has progressed against his representatives.    No trial of the cause appears to have been had until 1881, when there was a finding and judgment for costs, for defendant.    That judgment was reversed by the Appellate Court for the First District, and a second trial was had in 1883, which also resulted in a

finding and judgment for defendant. The latter judgment was affirmed in the Appellate Court, and now plaintiff brings. the case to this court on error.

. The amended declaration in this case sets forth that the Chicago News Printing Company is a body corporate, created and existing under the act of the General Assembly of February, 1857, entitled "An act for the formation of manufacturing, mining, mechanical and chemical corporations," and that such corporation, among other things, was engaged in printing a newspaper, known as "The Chicago Daily News," and carrying on a general job printing office. It was alleged defendant, Cyrus H. McCormick, was a stockholder in the corporation, and this action was brought at law to enforce his supposed liability under the 9th section of the act of 1857, for the indebtedness of the company to plaintiff. There is one reason that is conclusive why the present judgment must be affirmed. The remedy, if plaintiff has any, is in chancery, and not at law. The liability of stockholders in such corporation, under the 9th section of the act of 1857, is to the creditors as a class, and not to each individual creditor. It was so expressly held by this court in *Harper* v. *Union Manufacturing Co.* 100 Ill. 225, on the authority of *Low* v. *Buchanan,* 94 id. 76. The precise question was raised and decided in the cases cited, so the point made is no longer a new question in this court, and need not be further discussed. This view of the law being conclusive of the case, other questions made on the record need not be discussed or passed upon. ·

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*