MINNESOTA STATE AGRICULTURAL SOCIETY *vs.* AKE SWANSON *et al.*

Argued Jan. 6, 1892.   Decided Jan. 18, 1892.

Evidence *held* to sustain the verdict.

Divers unimportant assignments of error considered, and *held* not well taken.

Appeal by defendants from an order of the district court, Ramsey county, *Cornish, J.,* denying a new trial.

Action for rent upon an alleged oral lease by the Minnesota State Agricultural Society, plaintiff, to Swanson Bros., defendants. The subject of the lease was the dining-hall privilege at the State Fair grounds. Defendants alleged that the lease was made with them and one Wylie as partners as Swanson & Wylie, and that it included steam for cooking purposes. Defendants set up a counter-claim in behalf of Swanson & Wylie for damages caused by plaintiff's failure to furnish steam. Plaintiff had a verdict for $211.82. Defendants appeal from an order denying a new trial, assigning as error, *inter alia,* (5) the exclusion of the question, " * * * What was the number of people that were usually fed at the dining hall? " and (6) the overruling of defendants' objection to the question, "State whether these [supplies furnished] were charged to the firm of Swanson Bros. by direction of Mr. Swanson."

*Munn, Boyesen & Thygeson,* for appellants.

*A. C. Hickman,* for respondent.

GILFILLAN, C. J.   Upon the principal question in the case—that whether the contract sued on was made with defendants, or with them and Wylie—there was conflict of evidence, and the finding of the jury upon it is conclusive. Taking the entire charge of the court together, the issues in the case were fairly left to the jury. We find no error in it. If the exclusion of the testimony mentioned in the fifth assignment of error had been erroneous; if the case had been one for recovery of profits, as for the interruption of a regular and established business, the value of which depends on its profits, and which profits may be ascertained with reasonable certainty,—then the error was cured by the admission, at a subsequent stage of the

trial, of all the evidence offered to the same point,—evidence of the same character with that excluded "at this time," as the ruling is stated in the case. The evidence referred to in the sixth assignment of error was proper as an admission that the firm which was carrying on the dining hall in the room let by plaintiff was the firm of Swanson Bros., not of Swanson & Wylie, and was some evidence that the room was let to Swanson Bros., and not to Swanson & Wylie.

Order affirmed.

(Opinion published 51 N. W. Rep. 117.)