| 48 | 349 |
|---|---|
| o66 | 216 |

MERCHANTS' NAT. BANK OF CHICAGO *vs.* NORTHWESTERN MFG. & CAR
Co., *et al.*, Directors.   (First Case.)

Argued Dec. 17, 1891.   Decided Feb. 8, 1892.

Limitation of Actions for Penalties.—An action by a creditor of an in-
solvent corporation against its directors to enforce the liability created
by 1878 G. S. ch. 34, § 142, is governed by that clause of the statute of
limitations which prescribes three years as the period of limitation in re-
spect to actions upon "a statute for a penalty or forfeiture, where the
action is given to the party aggrieved," etc.

Appeal by plaintiff, the Merchants' National Bank of Chicago,
Ill., from an order of the district court of Washington county, *Crosby*,
J., made March 30, 1891, sustaining a demurrer to the complaint.

This action was begun April 30, 1890, by the above-named bank
against the Northwestern Manufacturing & Car Company, and against
Frank B. Clark, George R. Finch, Charles D. Gilfillan, Roscoe F.
Hersey, Ernest L. Hospes, R. B. Langdon, Thomas Lowry, John
F. Meagher, Charles N. Nelson, J. C. O'Gorman, J. C. Pierce, Isaac
Staples, Alpheus B. Stickney, Amherst H. Wilder, and Dwight M.
Sabin, its directors, under 1878 G. S. ch. 34, § 142, to recover
from them $73,729.69 and interest due the bank from the said
Northwestern Manufacturing & Car Company.   The complaint stated
that this corporation was organized May 12, 1882, with an au-
thorized capital of $5,000,000, divided into 100,000 shares, of $50
each; that by resolution of the stockholders the stock was divided
into 70,000 shares of preferred stock, and 30,000 shares of com-
mon stock; that the common stock ($1,500,000) was by the direct-
ors gratuitously delivered to divers persons, including the indi-
vidual defendants, (except Stickney, Lowry, and Gilfillan,) and the
corporation received nothing for it; that the directors, without con-
sideration, caused the corporation, by its officers, to make or indorse
accommodation bills and notes for others, to the amount of over
$2,000,000, and to loan large sums of its money; that none of said
directors objected to said diversion of the corporate property, and

that by reason of those transactions the corporation became insolvent, and on May 10, 1884, a receiver of all its property was duly appointed, under 1878 G. S. ch. 76, § 9.

The complaint further stated that in January and February, 1884, the bank, in the due course of business, discounted sundry bills and notes indorsed by the defendant corporation; that they became due, remained unpaid, and were duly protested for nonpayment, and the indorser notified; that judgment was on July 26, 1889, recovered by the bank thereon for said $73,729.69 in the circuit court of the United States for the district of Minnesota; that execution had been issued and returned unsatisfied; and that the Northwestern Manufacturing & Car Company remained indebted to it thereon; and it prayed judgment against said directors for that amount, with interest and costs.

The defendants demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff appeals. See case against the stockholders, *post*, p. 361.

*Clapp & Macartney*, for appellant.

The action is upon a liability created by statute, and not for a penalty or forfeiture, and is therefore governed by the provisions of 1878 G. S. ch. 66, § 6, subd. 2, and is not barred. The statute of limitations did not commence to run against this plaintiff until its first note became due, which was on the 10th day of May, A. D. 1884. This action was commenced on the 30th day of April, A. D. 1890, less than six years from the time the plaintiff's cause of action accrued, but more than three years from such date. The action is founded on 1878 G. S. ch. 34, § 142. The defendant corporation was organized under Laws 1873, ch. 11.

A director of a corporation who has ordered or assented to the violation by the corporation of any of the provisions of the act, which violation causes the insolvency of the corporation, thereafter assumes a liability to pay all debts of the corporation that are contracted after such violation. The directors may order or assent to some act in violation of the charter which will render the corporation insolvent. There would be no penalty or punishment inflicted upon them by this

statute for doing the prohibited act, but if they thereafter persist in carrying on the business of the corporation, and in incurring further debts, they then voluntarily incur the liability. Such a liability is not a penalty or forfeiture within the meaning of the second subdivision of 1878 G. S. ch. 66, § 7. The weight of authority upon this question, so far at least as numbers are concerned, is with us. *Neal* v. *Moultrie*, 12 Ga. 106; *Banks* v. *Darden*, 18 Ga. 341; *Hargroves* v. *Chambers*, 30 Ga. 580; *Howell* v. *Roberts*, 29 Neb. 483; *Coy* v. *Jones*, 30 Neb. 798.

The court of appeals in New York, in *Merchants' Bank of New Haven* v. *Bliss*, 35 N. Y. 412, has determined that it is a penalty and barred by a precisely similar statute. These cases are, as we believe after a very careful and thorough search, all the authorities which decide the precise question in the case at bar.

The act which renders a corporation insolvent is a direct and special injury to a creditor of such corporation, and the action given is clearly a remedy by means of which the creditor can be compensated for the injury so done him. The liability here sought to be charged upon the defendants, other than the car company, is a liability created by statute in the nature of a specialty, and therefore the highest liability known to the law. *Atwood* v. *Rhode Island Agr. Bank*, 1 R. I. 376; *Andrews* v. *Bacon*, 38 Fed. Rep. 777; *Cowenhoven* v. *Freeholders*, 44 N. J. Law, 232; *Hawkins* v. *Furnace Co.*, 40 Ohio St. 507; *Bullard* v. *Bell*, 1 Mason, 243.

*Horace G. Stone*, for some of the respondents.

This action is barred by the three-year statute of limitations. The car company has been in the hands of a receiver since May 10, 1884. The plaintiff's claim became due May, 1884. Every default of the defendants was prior to that time. This action was brought in April, 1890. Our statute is copied from the statutes of New York, (N. Y. Code 1888, § 383, subd. 3.) *Merchants' Bank of New Haven* v. *Bliss*, 35 N. Y. 412; *Losee* v. *Bullard*, 79 N. Y. 404; *Chapman* v. *Comstock*, 58 Hun, 325.

This liability is of a highly penal character. *Patterson* v. *Stewart*, 41 Minn. 84; *Steam Engine Co.* v. *Hubbard*, 101 U. S. 188; *Derrickson* v. *Smith*, 27 N. J. Law, 166; *Gregory* v. *German Bank*, 3 Colo.

332; *First Nat. Bank* v. *Price*, 33 Md. 487; *Halsey* v. *McLean*, 12 Allen, 438; *Moies* v. *Sprague*, 9 R. I. 541.

The three-years statute of limitations had already run before the plaintiff commenced the action against the corporation, in which action it recovered the alleged judgment against that corporation. But, if this was not so, the pendency of such action does not interrupt the running of the statute of limitations in favor of the defendants. The liability accrued when the debt was contracted, and the statute of limitations was not arrested thereon by the recovery of a judgment on such debt against the corporation. *Bassett* v. *St. Albans Hotel Co.,* 47 Vt. 314; *Miller* v. *White,* 50 N. Y. 137.

*Searles & Gail,* for some of respondents.

The complaint is evidently framed on the one construed in *Patterson* v. *Stewart,* 41 Minn. 84. In that case this court said that the word "same" in the phrase, "acquiesced in the same," at least meant that the directors knew of the adoption of the by-law or resolution authorizing and directing the doing of the illegal acts. No assent to the making of the accommodation paper or loans is alleged, either directly or through knowledge of by-laws or resolutions authorizing the same.

The statute under which the action is brought is a penal one, and the action is barred by reason of not being brought within three years from the time it accrued. *Patterson* v. *Stewart,* 41 Minn. 84.

That statutes of this character are penal, see *Chase* v. *Curtis,* 113 U. S. 452; *Breitung* v. *Lindauer,* 37 Mich. 217; *Cable* v. *McCune,* 26 Mo. 371.

*Lusk, Bunn & Hadley,* for other defendants.

If the statute 1878 G. S. ch. 34, § 142, gives the creditor a right to recover of a director his full debt irrespective of the corporate assets, or any dividend he may get from them, it .is an action for a penalty. It does not in such case proceed on the ground of actual damage. It gives the creditor more than his damage, and he may recover irrespective of damage. He might still recover though the corporate assets would eventually pay his claim in full. This is the construction put. by the court of appeals of New York on the

similar statute of that state.   So construed, we believe the conclusion unanswerable that the statute gives a penalty, and the action is barred in three years.   Our statute of limitations was copied from that of New York, and this liability statute is so nearly the New York law as to lead to the inference that it also was copied from that source.   We submit that the decision in *Merchants' Bank of New Haven* v. *Bliss* ought to be controlling.   The recovery of a creditor under this statute is not limited to the value of assets wrongfully misappropriated by the directors.   The recovery is in no sense or manner confined to the actual damage.   Such a statute can be nothing but penal.   It inflicts a penalty not commensurate to the actual injury.   The liability imposed by the statute would not be enforced in another state because it is penal.   Doubtless there is no contribution between directors under this statute, and a director could not recover over against the corporation what he might be compelled to pay to creditors.

*H. C. Truesdale*, for other defendants.

The liability, under section 142, has no relation whatever to the amount of actual damage done, either to the creditors or the corporation, by the negligence or fraud of the directors; nor has it any relation whatever to the amount of stock held or owned by either of the directors.   For doing or failing to do certain things, the directors or officers are made absolutely liable for certain classes of debts, although such acts or omissions may not in fact result in a dollar's loss, either to the corporation or its creditors.   *Wiles* v. *Suydam*, 64 N. Y. 173; *Gadsden* v. *Woodward*, 103 N. Y. 242; *Flash* v. *Conn*, 109 U. S. 371.

Under statutes of this kind, directors of corporations cannot be held for acts or things done prior to the time they became directors, or after they ceased to be such.   *Boughton* v. *Otis*, 21 N. Y. 261; *Shaler & Hall Quarry Co.* v. *Bliss*, 27 N. Y. 297; *Steam Engine Co.* v. *Hubbard*, 101 U. S. 188.

The liability in such a case is in its nature penal, and, in order to render such an officer responsible, it must appear that he has neglected or refused to do some act which the law made it his duty to perform while in office.   *Bond* v. *Clark*, 6 Allen, 361; *Harris-*

*burg Bank* v.: *Com.*, 26 Pa. St. 451; *First Nat. Bank* v. *Price*, 33 Md. 487; *Bank of Mutual Redemption* v. *Hill*, 56 Me. 385; *Rice* v. *Merrimac Hosiery Co.*, 56 N. H. 114.

The Georgia cases were all of them actions brought to enforce a liability against directors under a charter which provided that, if the debts of a bank should at any time exceed three times the amount of stock paid in, the directors under whose administration it should happen should be liable for the same in their individual capacities in an action of debt.

In the Nebraska cases, the liability sought to be enforced was against stockholders; and the courts have uniformly recognized a distinction between such liability and the one here sought to be enforced. The liability therein created was similar to that under the provisions of 1878 G. S. ch. 34, § 9.

*Warner, Richardson & Lawrence*, for other defendants.

So far as this statute, 1878 G. S. ch. 34, § 142, subjects the directors to any responsibility for the corporate debts, it is manifestly in derogation of the common law, and also highly penal, and we are not at liberty to extend its effect beyond its literal terms by enlarging or aggravating the liability. It is to be construed strictly. *Rector, etc., of Trinity Church* v. *Vanderbilt*, 98 N. Y. 170; *Gadsden* v. *Woodward*, 103 N. Y. 242; *Breitung* v. *Lindauer*, 37 Mich. 217; *Kritzer* v. *Woodson*, 19 Mo. 327; *Union Iron Co.* v. *Pierce*, 4 Biss. 327; *State ex rel.. Barton Co.* v. *Kansas City, Ft. S. & G. Ry. Co.*, 32 Fed. Rep. 722; *Missouri Pac. Ry. Co.* v. *Humes*, 115 U. S. 512; *Stebbins* v. *Edmands*, 12 Gray, 203; *Norris* v. *Crocker*, 13 How. 429.

This action was not seasonably commenced. Our statutes of limitation have remained unchanged in this regard since 1851, and they prescribe four different periods for commencement of actions to enforce statutory obligations. The provisions, somewhat transposed, may be stated thus:

(1) An action can be commenced only within six years after the cause of action accrued upon a liability created by statute, other than those upon a penalty or forfeiture.

(2) An action can be commenced only within three years after the cause of action accrued upon a statute for a penalty or forfeiture,

where the action is given to the party aggrieved or to such party and the state of Minnesota.

(3) An action can be commenced only within two years after the cause of action accrued, upon a statute for a forfeiture or penalty to the state.

(4) Every action upon a statute for a penalty given, in whole or in part, to the person who prosecutes for the same shall be commenced by said party within one year after the commission of the offense, and if the action is not commenced within one year by a private party it may be commenced within two years thereafter on behalf of the state, by the attorney general or by the county attorney of the county where the offense was committed.

Inspection of these four provisions, all *in pari materia,* ought to be sufficient to settle this contention in our favor, because the present action is within both the letter and spirit of the second subdivision, and no good reason can be assigned for excluding it by construction from that provision.

If the directors of the car company be obliged to pay its debts because the stockholders did not pay for their shares, or because of mere errors of judgment, or because the officers exchanged indorsements with Seymour, Sabin & Co. to raise money, then a result so clearly unjust ought to be arrived at by clear and positive language, and not by construction only.   Furthermore, statutes designed to promote repose ought not by construction to be made to save alive for six years an action productive of such consequences, when the legislature has said in so many words that only three years shall be allowed in such cases.

DICKINSON, J.   The appellant, a judgment creditor of the defendant the Northwestern Manufacturing & Car Company, an insolvent corporation now in the hands of a receiver, seeks to recover of the individual defendants upon the ground that they, being directors of the corporation, ordered or assented to certain alleged violations of the law, resulting in the insolvency of the corporation.   Such alleged violations of the law consisted in the issuing of stock without the same being paid for, in making unauthorized loans, and making and indorsing negotiable paper without consideration.   The alleged cause

of action arose more than three years, but less than six years, before the commencement of this action. The asserted right of action is confessedly founded solely on the statute, 1878 G. S. ch. 34, § 142, (Laws 1873, ch. 11, § 23,) which is as follows: "If any corporation organized and established under the authority of this act shall violate any of its provisions, and shall thereby become insolvent, the directors ordering or assenting to such violation shall be jointly and severally liable, in an action founded on this statute, for all debts contracted after such violation as aforesaid." On demurrer to the complaint the question is presented whether the right of action was barred by the general statute of limitations, (1878 G. S. ch. 66, tit. 2,) which, so far as it need be here referred to, prescribes the periods within which actions must be commenced as follows: "Sec. 6. Within six years: * * * Second. An action upon a liability created by statute, other than those upon a penalty or forfeiture. Sec. 7. Within three years: * * * Second. An action upon a statute for a penalty or forfeiture, where the action is given to the party aggrieved, or to such party and the state of Minnesota. Sec. 8. Within two years: * * * Second. An action upon a statute for a forfeiture or penalty to the state." "Sec. 10. Every action upon a statute for a penalty given, in whole or in part, to the person who prosecutes for the same, shall be commenced by said party within one year after the commission of the offence; and if the action is not commenced within one year by a private party it may be commenced within two years thereafter on behalf of the state, by the attorney general, or the county attorney of the county where the offence was committed." The precise question is whether the statutory limitation of six years, or that of three years, above specified, is applicable to actions of this nature. Is the action, *within the meaning of* that *statute*, one "upon a liability created by statute *other than those upon a penalty or forfeiture,*" or is it one upon a statute "*for a penalty or forfeiture?*"

We have heretofore—*Patterson* v. *Stewart,* 41 Minn. 84, (42 N. W. Rep. 926)—referred to this statute—section one hundred and forty-two (142)—as highly penal in its nature, having a twofold object: *First,* to enforce diligence and fidelity on the part of corporate officers; and, *second,* to afford a remedy to creditors of the cor-

poration. While this remedial purpose of the law is unquestionable, it is equally plain that the liability imposed is in the nature of a penalty. It is imposed by the statute as a consequence of a violation of law, resulting in the insolvency of the corporation. While the liability is declared in favor of the creditors of the corporation, it does not rest upon contract, nor upon any principle of the law of contracts. The directors of a corporation are not parties to its contracts, but strangers. The liability in favor of a creditor arises from their violation of law, even though the particular creditor who may sue to enforce the liability may not have suffered any real loss. If the statute is to have force according to its terms, the liability in favor of all of the specified class of creditors becomes absolute upon the insolvency of the corporation, even though, as respects some of them, it may be quite unnecessary for their protection; for instance, those whose debts are abundantly secured. The liability is in no degree measured by the extent of the injury done to those in whose favor it is declared. The creditors of the corporation may be able to recover from it, although it be insolvent, 90 per cent. of the amount of their debts. Nevertheless the directors are made "jointly and severally liable  *  *  *  for all debts contracted after such violation." It is at once apparent how great a liability is here in terms imposed upon each director who may be chargeable with a violation of the law. Upon this joint and several liability any one may be compelled to respond to the extent of the entire debts of the corporation, of the class specified; and it is at least not clear that he would have any right to enforce contribution from his associates who were inculpated with him in disregarding the requirements of the law. The great disproportion between the pecuniary injury to creditors of the corporation, caused by a violation of the law, and the pecuniary liability to them, imposed by this statute,—the absence of any relation between the amount of the injury and the amount of the pecuniary liability,—is also apparent. No more need be said by way of premise to the conclusion that this is in an important sense a penal statute, and that the liability sought to be enforced under it in this action is in a proper sense a *penalty*.

We come now to consider more particularly the language of the

statute of limitations above recited. If we look only at sections six (6) and seven (7) we find the language such that with strict propriety this action may be embraced in the excluding words of section six, (6,) which except from its operation actions "upon a penalty or forfeiture;" and with equal propriety such an action may be regarded as embraced within the language of section seven, (7,)—"an action upon a statute for a penalty or forfeiture, where the action is given to the party aggrieved, or to such party and the state of Minnesota." Whatever doubt there might be as to the correctness of such a construction—bringing such actions within the three-years limitation prescribed by section seven (7)—may be expressed in the question whether the word "*penalty*" in these two sections was not used in the sense merely of a pecuniary punishment, as by fine, imposed by law for the commission of a public offence, where punishment is the end for which the penalty is prescribed, and not as embracing cases where the statute is directed largely to the end of affording a civil remedy by imposing a liability of a penal nature. Was not section seven (7) intended to embrace only the former class,—*qui tam* actions, —where the right to recover the penalty is given to any informer, and section six (6) the latter class, in which the element of a private remedy is involved? A further examination of the statute goes far to dispel this doubt. A distinction is to be observed respecting the penalties to which the statute of limitations applies which affords some aid in its construction. It will be noticed that section seven (7) does not embrace penalties which are given in whole or in part to any informer who sues for their recovery. Such cases are specifically provided for in section ten, (10,)—actions "upon a statute for a penalty given in whole or in part *to the person who prosecutes for the same*." *One* year is the period of limitation within which only can any such private prosecutor sue, and that period commences to run from the time of the "*commission of the offence*." Here we find specific provision, and a distinct and a shorter period of limitation, with respect to penalties imposed for public offences, but which may be recovered by any private prosecutor, in whole or in part. Obviously such actions by private prosecutors are *not* embraced within the provisions of section seven, (7;) hence the latter section must have

been intended to embrace some other class of cases. Now, reading that section in the light thus gained from section ten, (10,) it becomes more apparent that it includes actions for penalties created by statute, where the penalty is given in whole or in part to the person injured by the infraction of the law, because of which the penalty is imposed. The penalties and action to which this section relates are such as are given in whole or in part to "the party aggrieved," and not, as in section ten, (10,) to "the person who prosecutes for the same." In other words, they embrace penal statutes which involve the feature of affording a private *remedy* to the party aggrieved, by giving to him, in whole or in part, the penalty which is imposed for the violation of the law. The case before us is clearly of that class.

To what has been said this should be added: Not only do general considerations growing out the penal nature of such statutes suggest the propriety of fixing a brief, rather than an extended, period of limitation, and so make it more probable that the legislature intended the shorter period of three years to apply rather than the longer period of six years, if the terms of the statute were such as to leave it a matter of doubt; but it has obviously been the intention of the legislature to fix short, rather than long, periods of limitation for actions to recover penalties. The fixing of periods of three, two, and one years, respectively, for actions to recover "penalties," and excepting such actions from the six-years limitation with respect to actions upon liabilities created by statute, is indicative of this. While we cannot, of course, undertake to enumerate the liabilities created by statute other than penalties or forfeitures to which section six (6) may be applicable, yet instances may be mentioned which will show that there is room for this section to have practical effect even under statutes now existing, without holding it applicable to actions of this nature; and in this connection it is to be considered that the statute was intended to be of general effect, not only with respect to the present state of the statute law, but as well with respect to future statutes. We may mention, as probably falling within this section, the double liability of stockholders for the debts of corporations; the statutory liability of railroad

corporations for damages resulting from a neglect to fence their tracks; the right given by statute to recover money lost in gambling, to recover back usurious interest paid, if no special limitation be prescribed in the statute giving such right; actions to recover for death caused by negligence; and proceedings under our tax law to recover judgment for taxes against real estate. *County of Redwood* v. *Winona & St. P. Land Co.*, 40 Minn. 512, (42 N. W. Rep. 473.) Our conclusion is that, within the meaning of the statute of limitations, this is an action to recover a penalty, and that it is governed by the clause which prescribes three years as the period of limitation. This conclusion is in accordance with the construction which, in the state of New York, has been put upon its statute of limitations (which, with mere verbal differences, is substantially like ours) in *Merchants' Bank of New Haven* v. *Bliss*, 35 N. Y. 412, which has been followed in a long line of decisions extending nearly to the present time. The case cited was also an action to recover upon a statutory liability imposed upon trustees of corporations for violations of duties imposed by law. While the statute on which that action was founded was perhaps even a more stringent law than our section one hundred and forty-two, (142,) the liability imposed was no more clearly a penalty than is that which our law imposes.

Order affirmed.

GILFILLAN, C. J., did not participate.

(Opinion published 51 N. W. Rep. 117.)