STATE v. FREDERICK W. BONNESS and Another.[1]

November 23, 1906.

Nos. 14,979—(21).

**Statute of Limitations.**

 In an action under the provisions of section 7, c. 163, p. 352, Laws 1895, to recover treble damages for wilful trespass to pine timber of the state, *held*, following State v. Buckman, 95 Minn. 272, that the time limit for bringing the action is three, not two, years.

Appeal by defendants from an order of the district court for Hubbard county, McClenahan, J., overruling their demurrer to the complaint. Affirmed.

*A. Y. Merrill* and *R. J. Powell,* for appellants.

*E. T. Young,* Attorney General, and *C. S. Jelley,* Assistant Attorney General, for the State.

START, C. J.

This is an action under the provisions of section 7, chapter 163, p. 352, Laws 1895, to recover aggravated damages for timber belonging to the state taken and converted by the defendants.

The complaint alleges two causes of action for wilful trespasses committed by the defendants in entering upon the lands therein described in the winter of 1902 and 1903 and carrying away therefrom the pine timber of the aggregate actual value of $931.32, to the damage of the state in the sum of $2,793.96; that is, for treble the actual value of the timber. The defendants demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and they appealed from an order overruling their demurrer.

It appears upon the face of the complaint that this action was commenced less than three, and more than two, years after the cause of action accrued, hence it is obvious that if the statute of limitation applicable to this action is two years the demurrer should have been sustained, but if the limitation is three years then the demurrer was correctly overruled.

[1] Reported in 109 N. W. 703.

The case of State v. Buckman, 95 Minn. 272, 104 N. W. 240, 289, in principle, is identical with the one at bar. That was an action under the statute for treble damages, and the question, as in this case, was whether the action was barred by the statute of limitations, and the court necessarily determined the time limit within which such actions must be brought. After exhaustive argument by counsel, and due consideration, the court held that "an action to recover for timber taken and converted by trespassers upon lands owned by the state for the enhanced damages above its value, brought under the provisions of section 7, c. 163, Laws 1895, is for a penalty, and must be commenced within three years from the time the trespasses were committed, or the right to maintain the same will be barred under section 5137, G. S. 1894."

It is, however, the contention of defendants' counsel that the court overlooked G. S. 1894, § 5138, subd. 2, which requires "an action upon a statuté for a forfeiture or penalty to the state" to be brought within two years. This section was quoted in the briefs of counsel on both sides in the Buckman case but neither claimed that it had any relevancy to the case, except that counsel for the defendant suggested that it might be that the section would apply to the case. The claim of the state was that the action was one "upon a liability created by statute other than those upon a penalty or forfeiture" (section 5136, subd. 2, Id.), hence the limitation was six years. The contention of the defendant was that the action was one "upon a statute for a penalty or forfeiture, where the action is given to the party aggrieved or to such party and the state of Minnesota" (section 5137, subd. 2, Id.), therefore, the limitation was three years. The court sustained the defendant's contention, and, in doing so, did not refer to the section of the statute relied upon by the defendants in this case for the very good reason that it was not relevant to the question before the court. Manifestly the section relied on applies only to penalties and forfeitures created by the statute, and inflicted as punishment for an offense against the public and not to those imposed as an incident to the redress of a private wrong. We hold, following the case of State v. Buckman, that the limitation of three years applies to this action.

Order affirmed.