**Michael FREEMAN, Appellant,**

**v.**

**Q PETROLEUM CORPORATION and Randy Kinny, Respondents.**

**No. C0-87-1429.**

Supreme Court of Minnesota.

Jan. 8, 1988.

AMDAHL, Chief Justice.

The plaintiff, appellant Michael Freeman, filed suit against the respondents, his former employer, Q Petroleum Corporation, and Randy Kinny. Freeman alleged that respondents coerced him into taking a polygraph test in violation of Minnesota Statutes Section 181.75, subdivision 1 (1986). Freeman seeks actual damages, costs, disbursements and fees in accordance with Section 181.75, subdivision 4.[1]

The suit was filed more than two but less than six years after the alleged illegal acts. In their Amended Answer, respondents raised the statute of limitations as a defense. Cross motions for summary judg-

---

**1.** The complaint also sought punitive damages. However, at oral argument, Freeman acknowledged that punitive damages were not justified by the facts of the case. That claim has apparently been withdrawn.

ment were filed on the applicable statute of limitations. Freeman claimed that the six-year limitation period contained in Section 541.05, subdivision 1(2) (1986) applied to this case, while respondents argued that the two-year period contained in Section 541.07(2) applied. Q's motion was granted, and Freeman's was denied. The trial court determined that Section 181.75, subdivision 4, is a penalty-type statute which requires application of the two year statute of limitations. Consequently, Freeman's action was time barred. This appeal followed. We conclude that Freeman's cause of action is not in the nature of a penalty and that the six year statute applies. Consequently, we reverse.

There is no dispute that the liability created by Section 181.75, subdivision 4, is purely a creation of statute. One of two possible statutes of limitations applies to the statutory liability created by Section 181.75, subdivision 4. Section 541.05, subdivision 1(2), provides for a six year limitations period "[u]pon a liability created by statute, *other than those arising upon a penalty* * * *." (emphasis added). Conversely, Section 541.07(2) provides for a two year limitations period "[u]pon a statute *for a penalty* * * *." (emphasis added). The real issue, therefore, is whether the statutory liability created under Section 181.75, subdivision 4, constitutes a penalty.

Section 181.75, subdivision 1, prohibits the solicitation or requirement of polygraph tests as a condition of employment. This Section makes the violation a misdemeanor and empowers the attorney general to seek an injunction. Subdivision 4 creates private remedies for violation of the statute. This subdivision states:

In addition to the remedies otherwise provided by law, *any person injured* by a violation of this section *may bring a civil action to recover any and all damages recoverable at law, together with costs and disbursements, including costs of investigation and reasonable attorney's fees,* and receive other equitable relief as determined by the court. The court may, as appropriate, enter a consent judgment or decree without a finding of illegality.

Minn.Stat. § 181.75, subd. 4 (emphasis added).

This subdivision does not exact any arbitrary sum merely because of a violation. Rather, it allows recovery only by persons injured by a violation, and then only recovery of provable damages along with certain costs.

A number of cases have defined the term penalty for statute of limitations purposes. A penalty in this context has been held to include punishment for an offense against the public and not incident to the redress of a private wrong. *State v. Bonness,* 99 Minn. 392, 393, 109 N.W. 703, 703 (1906). In *Merchant's National Bank of Chicago v. Northwestern Manufacturing & Car Co.,* 48 Minn. 349, 51 N.W. 117 (1892), the court extensively analyzed the penalty issue. That suit involved statutory liability of corporate directors for unlawful acts leading to corporate insolvency. The court held that this was a penalty-type statute; therefore, that limitations period was applied. In reaching its conclusion the court noted that the liability was "imposed by the statute as a consequence of a violation of the law" and that liability existed "even though the particular creditor * * * may not have suffered any real loss." *Id.* at 357, 51 N.W. at 118. Furthermore, the fact that liability was "in no degree measured by the extent of the injury * * *" was significant to the court's finding. *Id.* Consequently, this liability was held to be a penalty without regard to whether the plaintiff or the state receives the proceeds. *Id.*

Other courts have similarly construed the term penalty to embrace something other than damages or pecuniary loss. In *Ashland Oil Co. of California v. Union Oil Co. of California,* 567 F.2d 984, 991 (TECA 1977), *cert. denied* 435 U.S. 994, 98 S.Ct. 1644, 56 L.Ed.2d 83, the court construed California law (under identical statutes of limitations) to mean that "damages beyond or without reference to actual loss" are penalties. *Accord State of Minnesota by Humphrey v. Standard Oil Co. (Indiana),* 568 F.Supp. 556, 568–69

(D.Minn.1983). Upon examination of Section 181.75, subdivision 4, in light of the above principles, we find that it does not constitute a penalty under the statute.

Respondents do not address whether this is a penalty-type statute for statute of limitations purposes. Rather, they rely on policy arguments and analogies to other arguably related causes of action to advance their position that the two-year period should apply. They assert that the proper inquiry is the harm to be remedied rather than the character of the liability.

However, these arguments do not address application of the statutory term "penalty" as it applies to the limitation period in this case. The plain language of the applicable statutes shows that the relevant inquiry is whether the liability created by the statute is or is not in the nature of a penalty. We believe it is not. Freeman is suing for his actual losses in this case as authorized by the statute. Unlike the penalty cases cited, his recovery is inextricably tied to his actual loss. If his recovery were a fixed amount arising solely from a violation, it would more closely resemble a penalty. However, here he can only recover if he can prove damages. Consequently, we hold that the trial court erred in its application of the statute of limitations.

Reversed.