Paul McDANIEL, Respondent,

v.

**UNITED HARDWARE DISTRIBUTING COMPANY, dba Hardware Hank, Petitioner.**

No. C2–90–695.

Supreme Court of Minnesota.

May 3, 1991.

Rehearing Denied June 18, 1991.

Dale M. Wagner, Wayne A. Hergott, Moss & Barnett, Minneapolis, for petitioner.

Barbara J. Rudquist, Michael B. Sokol, Minneapolis, for respondent.

KEITH, Chief Justice.

Employer United Hardware Distributing appeals the court of appeals' reversal of the trial court's determination that McDaniel's action under Minn.Stat. § 176.82 (1990), for retaliatory discharge for asserting workers' compensation rights, is barred by the statute of limitations. United Hardware also claims that the court of appeals erred in holding that McDaniel was not required to exhaust his remedies under the collective bargaining agreement before bringing this section 176.82 claim.

I

McDaniel alleges the following facts: On June 24, 1986, McDaniel injured his knee while unloading a truck during his employment with United. He received workers'

compensation benefits including wage loss benefits, economic recovery compensation, and payment for surgery. While McDaniel was unable to work, he executed consecutive requests for leave of absence, as provided by the collective bargaining agreement between McDaniel's union and United Hardware. McDaniel's personal physician, Dr. Cooley, determined that McDaniel had reached maximum medical improvement as of December 16, 1986, and a copy of Dr. Cooley's report was served on McDaniel on January 6, 1987. A little over one month later, McDaniel retained an attorney who advised him not to sign another request for a leave of absence.

During a February 24, 1987 telephone conversation, McDaniel's supervisors ordered him to appear for a meeting the following morning to discuss his medical situation. His supervisors also threatened to fire McDaniel if he did not sign another request for a leave of absence. McDaniel said he wanted to return to work and he wanted his attorney present at the meeting. His supervisors replied that they had no obligation to meet with the attorney and if McDaniel failed to show up at the meeting without his attorney he would be fired. McDaniel insisted that he would not appear at the meeting without his attorney. When he failed to appear, United fired McDaniel for insubordination. He was notified of the decision on February 27, 1987.

McDaniel did not file a grievance protesting his termination within the time limit provided in the collective bargaining agreement. On June 13, 1989, approximately two years and four months after United Hardware fired him, McDaniel commenced this action alleging he was discharged in retaliation for seeking workers' compensation benefits in violation of Minn.Stat. § 176.82 (1990).

## II

The trial court found McDaniel's claim barred by the two year limitations period for nonpayment of wages in Minn.Stat. § 541.07(5) (1990). The court of appeals similarly considered McDaniel's claim as one for loss of wages, but found the three year limit for an intentional nonpayment of wages in the same subsection applicable, and reversed the trial court. We find that McDaniel's claim is governed instead by the six year limitation for actions upon a statutory liability in Minn.Stat. § 541.05, subd. 1(2) (1990).

Minn.Stat. § 176.82 provides:

Any person discharging or threatening to discharge an employee for seeking workers' compensation benefits or in any manner intentionally obstructing an employee seeking workers' compensation benefits is liable in a civil action for damages incurred by the employee including any diminution in workers' compensation benefits caused by a violation of this section including costs and reasonable attorney fees, and for punitive damages not to exceed three times the amount of any compensation benefit to which the employee is entitled. Damages awarded under this section shall not be offset by any workers' compensation benefits to which the employee is entitled.

Section 176.82 creates causes of action for retaliatory discharge and for intentional obstruction of an employee seeking workers' compensation benefits. Minn. Stat. § 541.05, subd. 1(2) (1990), provides a six year limitation period for an action "[u]pon a liability created by statute, other than those arising upon a penalty or forfeiture or where a shorter period is provided by section 541.07." Section 541.05, subdivision 1(2), applies to liabilities imposed by statute, not to liabilities existing at common law which have been recognized by statute. *Cf. Aetna Life & Casualty Co. v. Nelson,* 67 N.Y.2d 169, 174, 501 N.Y.S.2d 313, 315, 492 N.E.2d 386, 388 (1986). Section 176.82 is not a codification of the common law. The legislature enacted section 176.82 more than a decade before this court recognized a common law action for retaliatory discharge in violation of public policy.[1] *Phipps v. Clark Oil & Refining*

---

1. A common law action for *obstruction* of workers' compensation benefits indeed might be barred by the exclusive remedy provision of the workers' compensation statutes because Minn.

*Corp.*, 408 N.W.2d 569 (Minn.1987). The scope of *Phipps* has not been clearly defined through the common law process. In contrast, section 176.82 grants specific rights and remedies, not previously recognized, to employees who are threatened with discharge or are discharged for seeking workers' compensation benefits. McDaniel's cause of action depended on rights created by statute. Thus a section 176.82 cause of action is subject to the six year limitation period for an action upon a statutory liability unless the section 176.82 action arises upon a penalty or a shorter period is provided by section 541.07.

Considering McDaniel's claim one for lost wages, the lower courts determined the claim fell within a shorter limitation period, either the two year or three year limitation period in section 541.07 for the recovery of wages, depending on whether the nonpayment was willful.[2] *See Portlance v. Golden Valley State Bank*, 405 N.W.2d 240 (Minn.1987). Although certain analogies may be drawn from wrongful employment termination suits to retaliatory discharge actions under section 176.82, the essence of the civil remedy under this statute is to provide redress to employees dismissed in retaliation for pursuing workers' compensation, to punish employers guilty of retaliatory discharges, and to deter such conduct by others. *Wojciak v. Northern Package Corp.*, 310 N.W.2d 675, 680 (Minn. 1981). To accomplish these objectives, a violation of section 176.82 entitles the injured worker to damages including lost workers' compensation benefits and punitive damages. In contrast, because the discharge at issue in *Portlance* constituted

a breach of the employment contract, damages were based on compensation the employee would have received had the contract been performed, i.e., wages. 405 N.W.2d at 243. Workers' compensation benefits include all benefits provided under the Workers' Compensation Act on account of injury or death, of which wage loss is only one type. Minn.Stat. § 176.011, subd. 8 (1990). Moreover, not all claimants under section 176.82 will have lost wages. *See, e.g., Kaluza v. Home Insurance Co.*, 403 N.W.2d 230 (Minn.1987). Accordingly, the statute of limitations governing actions for lost wages is inapplicable to actions brought under section 176.82.

Also inapplicable is Minn.Stat. § 541.07(2) (1990), which provides a two year limitation period for actions "[u]pon a statute for a penalty or forfeiture." In *Freeman v. Q Petroleum Corp.*, 417 N.W.2d 617 (Minn.1988), we analyzed whether Minn.Stat. § 181.75, subd. 4 (1990), which creates a private remedy for the employee if the employer solicits or requires a polygraph test as a condition of employment, constitutes a penalty. The *Freeman* court identified two important principles to define the term penalty for statute of limitations purposes.

First, a penalty includes punishment for a public offense rather than incident to the redress of a private wrong. *Freeman*, 417 N.W.2d at 618. This principle is in accord with the historical definition of a penal statute in other contexts. *See Huntington v. Attrill*, 146 U.S. 657, 668, 13 S.Ct. 224, 228, 36 L.Ed. 1123 (1892) (whether a stat-

---

Stat. § 176.225 (1990), permits a penalty for a refusal to pay or a delay in payment of workers' compensation benefits. *See* Minn.Stat. § 176.031 (1990); *see also* 2A Larson, *The Law of Workmen's Compensation* § 68.34(c) (1989).

**2.** Minn.Stat. § 541.07 (1990) provides:
Except where the Uniform Commercial Code, this section, section 148A.06, or section 541.-073 otherwise prescribes, the following actions shall be commenced within two years:
\* \* \* \* \* \*
(5) For the recovery of wages or overtime or damages, fees or penalties accruing under any federal or state law respecting the payment of wages or overtime or damages, fees or penal-

ties except, that if the employer fails to submit payroll records by a specified date upon request of the department of labor and industry or if the nonpayment is willful and not the result of mistake or inadvertence, the limitation is three years. (The term "wages" means all remuneration for services or employment, including commissions and bonuses and the cash value of all remuneration in any medium other than cash, where the relationship of master and servant exists and the term "damages" means single, double, or treble damages, accorded by any statutory cause of action whatsoever and whether or not the relationship of master and servant exists).

ute is penal, and thus may not be enforced in another state, depends on whether the statute redresses a public or a private wrong). In the context of Minnesota statutes of limitation, our court thus far has recognized as penalties only statutes that grant the state the right to sue.[3] *State v. Bonness,* 99 Minn. 392, 109 N.W. 703 (1906); *State v. Buckman,* 95 Minn. 272, 104 N.W. 240 (1905). Nevertheless, a statute authorizing a private prosecutor to collect a penalty for the violation of a public wrong or granting redress to an aggrieved person while also redressing a broader public wrong might constitute a penalty under appropriate circumstances.

Second, we stated in *Freeman* that a penalty is unrelated to the extent of actual damages. 417 N.W.2d at 618–19. The provision for punitive or enhanced damages to an aggrieved party does not constitute a penalty under Minnesota law. *Owens v. Owens,* 207 Minn. 489, 499, 292 N.W. 89, 94 (1940); *Buckman,* 95 Minn. at 277–78, 104 N.W. at 242 (distinguishing between punitive damages and a penalty). Courts in other states also have applied this principle to statutes of limitation for actions upon a penalty. *See McDonald's Corp. v. Levine,* 108 Ill.App.3d 732, 739, 64 Ill.Dec. 224, 229, 439 N.E.2d 475, 480 (1982) (stating that a statutory penalty "imposes automatic liability for a violation of its terms and the amount of liability is predetermined by the act and imposed without actual damages suffered by the plaintiff"); *Lynch v. Signal Finance Co. of Quincy,* 367 Mass. 503, 506, 327 N.E.2d 732, 734 (1975). Courts in two other states, however, have held that a statutory action for treble damages constitutes a penalty for statute of limitation purposes. *Carlson v. McCoy,* 193 Colo.

391, 393, 566 P.2d 1073, 1075 (1977); *G.H. I.I. v. MTS, Inc.,* 147 Cal.App.3d 256, 277, 195 Cal.Rptr. 211, 225 (1983). *But see Holland v. Nelson,* 5 Cal.App.3d 308, 312, 85 Cal.Rptr. 117, 119 (1970) (holding that the discretion to grant treble damages does not convert the statutory right of action into one for penal damages).[4]

We believe the principles identified in *Freeman* and rooted in settled Minnesota law represent the sounder approach to penalties in the statute of limitation context. In *Freeman* we concluded that section 181.75, subdivision 4 was not in the nature of a penalty:

> Freeman is suing for his actual losses in this case as authorized by the statute. Unlike the penalty cases cited, his recovery is inextricably tied to his actual loss. If his recovery were a fixed amount arising solely from a violation, it would more closely resemble a penalty. However, here he can only recover if he can prove damages.

417 N.W.2d at 619.

Similarly, McDaniel is suing under section 176.82 to recover his actual damages allegedly suffered as a result of a retaliatory discharge. Section 176.82 permits the recovery of compensatory damages, costs and attorneys' fees, and in addition "punitive damages not to exceed three times the amount of any compensation benefit to which the employee is entitled." Although the court has discretion to award punitive damages for a section 176.82 violation, a statutory violation does not result automatically in an award of punitive damages. Like Freeman, McDaniel can only recover punitive damages if he is able to prove actual damages. Section 176.82 com-

---

**3.** In *Merchants' Nat'l Bank v. Northwestern Mfg. Car Co.,* 48 Minn. 349, 51 N.W. 117 (1892), the court held that a statute that permitted creditors to recover on corporate debts from the personal assets of directors under certain circumstances constituted a penalty for statute of limitations purposes. *Merchants' Nat'l Bank,* however, was overruled by *First Nat'l Bank of Merrill, Wis. v. Harper,* 61 Minn. 375, 63 N.W. 1079 (1895). *See Flowers v. Bartlett,* 66 Minn. 213, 216, 68 N.W. 976, 977 (1896).

**4.** In addition to characterizing *Holland* as contrary to the weight of California authority, the *MTS* court distinguished the statute involved in *Holland,* which gave the trial court discretion to award treble damages, from the mandatory treble damages in the statute in *MTS. MTS,* 147 Cal.App.3d at 278 n. 14, 195 Cal.Rptr. at 225 n. 14. This distinction may have some merit considering the *Holland* court's concern that a contrary holding would place the plaintiff in the position of not knowing the applicable statute of limitation until after trial. *Holland,* 5 Cal. App.3d at 312, 85 Cal.Rptr. at 119.

pensates an aggrieved party's damages; any punitive damages will be merely incident to the redress of this private injury.

Because section 176.82 is not a penalty statute, the applicable limitation period is six years pursuant to Minn.Stat. § 541.05, subd. 1(2) (1990) (actions upon a liability created by statute, other than those arising upon a penalty). Thus, McDaniel's claim is not barred by the statute of limitations.

### III

United Hardware's claim that McDaniel was required to exhaust his contractual remedies under the collective bargaining agreement before bringing suit under section 176.82 is answered by *Brevik v. Kite Painting, Inc.*, 416 N.W.2d 714, 718–19 (Minn.1987). Where, as in this case, determination of the section 176.82 retaliatory discharge claim does not require interpretation of a collective bargaining agreement, the claim is not preempted by federal law, *see Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), and Minnesota law does not require the employee to exhaust contractual remedies before bringing the civil suit.

Affirmed.

GARDEBRING, J., took no part in the consideration or decision of this case.