OPINION
PAGE, Justice.
Respondent Darrel Schmitz commenced an action against his former employer, appellant United States Steel Corporation (U.S. Steel), alleging, among other things, retaliatory-discharge and threat-to-discharge claims under the Workers’ Compensation Act (WCA), MinmStat. §§ 176.001-.862 (2012). After various proceedings below, we granted U.S. Steel’s petition for review on two issues. For the reasons discussed below, we affirm the court of appeals and hold that: (1) Schmitz has the right to a jury trial on his retalia *671 tory-diseharge claim under Minn.Stat. § 176.82, subd. 1; and (2) U.S. Steel may not assert a Faragher/Ellerth affirmative defense[1] to Schmitz’s threat-to-discharge claim under Minn.Stat. § 176.82, subd. 1.
In October 2006, Schmitz was employed as a maintenance mechanic for U.S. Steel in Keewatin, Minnesota. On October 23, 2006, Schmitz injured his back while, replacing a steel liner. The injury occurred when he accessed some equipment and “felt a pop” in his back, which caused him to fall to his knees. Schmitz immediately reported the incident to his supervisor, foreman M.B. Schmitz testified that he did not fill out an accident report that day, that it is the foreman’s job to fill out accident reports, and that filing an accident report is the first step toward making a claim for workers’ compensation benefits at U.S. Steel.
The next day, Schmitz called M.B. from home to tell him that his side and back felt strange. M.B. reported the call to his supervisor, L.S., and the two of them subsequently spoke to Schmitz. Schmitz testified that L.S. warned Schmitz against filing an accident report:
[L.S.] told me that the company would— was taking a big, dim view if I would fill out an accident report and they wouldn’t like it at all. And I said, “What are they going to do, fire me?” He said, “Well, without having to perjure [myself],” he said, “Yes.”
L.S.’s testimony contradicted Schmitz’s. L.S. claimed that he simply asked Schmitz if he was hurt at work, and Schmitz responded that he was not saying he was injured at work, just that his back did not feel the same. Two days later, after being examined by his doctor, Schmitz returned to work without any physical restrictions.
In December 2006, Schmitz injured his back at home. Because of his December 2006 injury, Schmitz was not cleared to return to work until October 2007.[2] At that time, Schmitz had certain work restrictions that prevented him from performing the functions of a maintenance mechanic, and U.S. Steel claimed that it did not have any job openings that could accommodate those restrictions. Schmitz never returned to work at U.S. Steel.
In May 2008, Schmitz filed a complaint against U.S. Steel in district court. In the complaint, Schmitz asserted that U.S. Steel discharged him for seeking workers’ compensation benefits, in violation of *672 Minn.Stat. § 176.82, subd. 1, and refused to offer Schmitz continued employment, in violation of Minn.Stat. § 176.82, subd. 2. Schmitz also asserted a disability-discrimination claim under the Minnesota Human Rights Act (MHRA), Minn.Stat. §§ 368A.01-.43 (2012). The district court granted summary judgment to U.S. Steel on each of the claims.
Schmitz appealed for the first time, and the court of appeals affirmed the district court’s grant of summary judgment on Schmitz’s claims under the MHRA, but reversed and remanded on Schmitz’s section 176.82 claims. Schmitz v. U.S. Steel Corp., No. A10-0633, 2010 WL 4941668, at *1 (Minn.App. Dec. 7, 2010).
On remand, the district court granted Schmitz’s motion to amend the complaint to add a claim for threatening to discharge him for seeking workers’ compensation benefits in violation of Minn.Stat. § 176.82, subd. 1. The court also granted U.S. Steel’s pretrial motion to quash Schmitz’s demand for a jury trial on the retaliatory-discharge and refusal-to-offer-continued-employment claims. In quashing the demand, the district court concluded that Minn.Stat. § 176.82 does not provide such a right.
Following a bench trial, the district court: (1) entered judgment for Schmitz on his threat-to-discharge claim, awarding $15,000 in emotional-distress damages; (2) rejected Schmitz’s retaliatory-discharge and refusal-to-offer-continued-employment claims; (3) denied U.S. Steel’s posttrial motion seeking a finding that U.S. Steel satisfied the Faragher/Ellerth affirmative defense to supervisory misconduct; and (4) granted Schmitz’s motion for attorney fees in part, awarding $203,112.
On appeal, the court of appeals again affirmed in part, reversed in part, and remanded. Schmitz v. U.S. Steel Corp. (Schmitz II), 831 N.W.2d 656, 662 (Minn. App.2013). The court of appeals affirmed the judgment for U.S. Steel on Schmitz’s refusal-to-offer-continued-employment claim and concluded that Schmitz is not entitled to a jury trial on that claim because it is equitable in nature. Id. at 679. However, the court of appeals reversed and remanded the denial of a jury trial on Schmitz’s retaliatory-discharge claim. It concluded that a retaliatory-discharge claim under Minn.Stat. § 176.82, subd. 1, that seeks only money damages is legal rather than equitable in nature and, therefore, Schmitz is guaranteed the right to a jury trial under the Minnesota Constitution. Schmitz II, 831 N.W.2d at 678. With respect to U.S. Steel’s contention that it was entitled to assert a Faragher/Ellerth affirmative defense to Schmitz’s section 176.82 threat-to-discharge claim, the court of appeals ruled that there was no legal basis for permitting such a defense. Schmitz II, 831 N.W.2d at 673.
I.
We turn first to the question of whether Schmitz has the right to a jury trial on his retaliatory-discharge claim under Minn. Stat § 176.82, subd. I.[3] Minnesota Statutes § 176.82, subd. 1, provides a cause of action for retaliatory discharge for seeking workers’ compensation benefits:
Any person discharging or threatening to discharge an employee for seeking *673 workers’ compensation benefits or in any manner intentionally obstructing an employee seeking workers’ compensation benefits is liable in a civil action for damages incurred by the employee including any diminution in workers’ compensation benefits caused by a violation of this section including costs and reasonable attorney fees, and for punitive damages not to exceed three times the amount of any compensation benefit to which the employee is entitled.
Minn.Stat. § 176.82, subd. 1. “The right to a jury trial must be found either in the Minnesota Constitution or provided specifically by statute.” Ewert v. City of Winthrop, 278 N.W.2d 545, 550 (Minn.1979). Section 176.82 does not expressly provide such a right. Therefore, the right to a jury trial in this case, if it exists, must arise from the Minnesota Constitution. Whether the Minnesota Constitution provides the right to a jury trial is a question of law that we review de novo. United Prairie Bank-Mountain Lake v. Haugen Nutrition & Equip., LLC, 813 N.W.2d 49, 58 (Minn.2012).
Article I, Section 4, of the Minnesota Constitution provides that: “The right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy.” Minn. Const, art. I, § 4. “This provision is intended to continue, unimpaired and inviolate, the right to trial by jury as it existed in the Territory of Minnesota when our constitution was adopted in 1857.” Abraham v. Cnty. of Hennepin, 639 N.W.2d 342, 348 (Minn.2002). “A party is therefore constitutionally entitled to a trial by jury ‘if a party raising that same theory for relief at the time the Minnesota Constitution was adopted also would have been entitled to a jury trial.’” United Prairie Bank, 813 N.W.2d at 53 (quoting Olson v. Synergistic Techs. Bus. Sys., Inc., 628 N.W.2d 142, 149 (Minn.2001)).
We have explained, however, that “Article I, Section 4 does not freeze the right to a jury trial to only those causes of action that existed in 1857.” United Prairie Bank, 813 N.W.2d at 53. To determine the right to a jury trial, we analyze “current causes of action and pleading practices in the context of the theories of relief ... and the jurisprudence” at the time of the enactment of Minnesota’s Constitution. Id. at 53-54. We focus not on whether the exact cause of action existed, but on the type of action — whether the claim is an action at law, for which the Constitution guarantees a right to a jury trial, or an action in equity, for which there is no constitutional guarantee to a jury trial. Id. at 54.
U.S. Steel argues that the court of appeals erred in reversing the district court’s decision to quash Schmitz’s request for a jury trial on his retaliatory-discharge claim. According to U.S. Steel, the Legislature was entitled to, and did, preclude the right to a jury trial when it created a new set of rights and remedies under the WCA as part of the mutual renunciation of common law rights and defenses by employers and employees in cases involving workplace injuries. In doing so, U.S. Steel asserts, the Legislature did not specifically include in the WCA the right to a jury trial. U.S. Steel cautions that allowing Schmitz a jury trial on his retaliatory-discharge claim will treat section 176.82 claims differently than other claims arising under the WCA, contrary to the Act’s purpose.
Schmitz argues that he has the constitutional right to a jury trial on his retaliatory-discharge claim under section 176.82, subdivision 1, and that our analysis should not focus on whether a particular cause of action was identified as a common law *674 action when the constitution was enacted, but rather on whether the action is of a type that would have been considered an action at law in 1857. On that basis, he contends that, because his claim is legal in nature and he is seeking monetary instead of equitable relief, he is entitled to a jury trial.
We addressed an analogous situation in Abraham, 639 N.W.2d at 354, which held that an action alleging the tort of retaliatory discharge and seeking only money damages under the Whistleblower Act, Minn. Stat § 181.932-.935 (2012), and the Minnesota Occupational Safety and Health Act, Minn.Stat. § 182.669, subd. 1 (2012), is “a cause of action at law with a constitutional right to jury trial.” Abraham, 639 N.W.2d at 354. In Abraham we traced the origins of wrongful discharge claims, noting that as early as 1861 we had recognized claims for wrongful discharge as “causes of action at law, and they were consequently tried to juries.” Id. at 350-51. Although Abraham involved statutory claims that were not available at the time the constitution was adopted, we explained that our “analysis of the right to a jury trial remains the same: are these claims for retaliatory discharge seeking only money damages causes of action at law?” Id. at 352. Ultimately, we held that a retaliatory-discharge claim — a subcategory of wrongful-discharge claims — sounded in tort and that a tort action seeking money damages is an action at law with an attendant right to a jury trial. Id. at 352-54.
Schmitz’s claim under Minn.Stat. § 176.82, subd. 1, like Abraham’s claims under the Whistleblower Act and the Minnesota Occupational Safety and Health Act, are legal in nature and, like Abraham, Schmitz seeks only monetary damages. Seeing no basis to treat Schmitz’s claim any differently than the retaliatory discharge claims in Abraham, we conclude that Schmitz’s claim is a cause of action at law with a constitutional right to jury trial.
U.S. Steel is generally correct that in enacting the WCA the Legislature created specific rights and remedies as part of a mutual renunciation of common law rights and defenses in cases involving workplace injuries. The WCA, which was “ ‘devised to provide protection to [employees] in the form of compensation for injuries arising from hazards having a reasonable relation to the employment and which followed as a natural incident of the work,’ ” was a “ ‘salutary social development’ ” that created a specialized claims process for workplace injury and an exclusive remedy for the injury. Jones v. Schiek’s Cafe, 277 Minn. 273, 277, 152 N.W.2d 356, 358-59 (1967) (quoting Kiley v. Sward-Kemp Drug Co., 214 Minn. 548, 555, 9 N.W.2d 237, 241 (1943) (Youngdahl, J., dissenting)). However, U.S. Steel’s reading of the Act to preclude the right to trial by jury for retaliatory-discharge claims under section 176.82, subdivision 1, ignores the constitutional mandate that guarantees the right to a jury trial for causes of action at law, as well as the plain language of section 176.82, which refers to the retaliatory-discharge claim as a “civil action” for damages.
U.S. Steel and the concurrence and dissent rely heavily on Breimhorst v. Beckman to support their contention that a section 176.82 retaliatory-discharge claim is part and parcel of the WCA’s comprehensive statutory scheme, one that created new and adequate remedies based on a mutual renunciation of employer liability and employee tort claims.[4] 227 Minn. 409, *675 35 N.W.2d 719 (1949). However, that reliance is misplaced. In Breimhorst, we found no right to a jury trial for an injured employee’s claim for workers’ compensation benefits, concluding that a claim for workers’ compensation benefits differs from “an action at law,” which is “a proceeding before a court and does not pertain to proceedings before quasi-judicial bodies.” Id. at 434, 35 N.W.2d at 734. Breimhorst emphasized that when the Legislature abolished the common law work-injury tort — the claim before the court in Breimhorst — the Legislature replaced the tort claim with a new statutory remedy under the WCA. Id. at 429, 35 N.W.2d at 732 (“The workmen’s compensation act, insofar as it provides any compensation to an employe[e] accidentally injured in the course of his employment, is exclusive of all other remedies.”); see also McDaniel v. United Hardware Distrib. Co., 469 N.W.2d 84, 85-86 (Minn.1991) (“Section 176.82 is not a codification of the common law.... [It] grants specific rights and remedies, not previously recognized, to employees who are threatened with discharge or are discharged for seeking workers’ compensation benefits.”);[5] Ewert, 278 N.W.2d at 550 (stating that there is no right to a jury trial on an appeal from a special assessment because such an appeal is a right established by statute and not a right existing at common law).
Breimhorst involved an injured employee’s claim for workers’ compensation benefits. Schmitz no longer seeks workers’ compensation benefits. His workers’ compensation claim was denied by a workers’ compensation judge in 2008. In this action, Schmitz’s claim , seeks monetary damages for retaliatory discharge, and so it is distinguishable from Breimhorst. In fact, the claim for workers’ compensation benefits in Breimhorst was completely different from the retaliatory-discharge claim here. Chapter 176, which generally provides that claims for workers’ compensation benefits are to be litigated before an executive branch compensation judge, eliminated common law remedies, including punitive damages. Within chapter 176, however, *676 Minn.Stat. § 176.82, subd. 1, explicitly provides for a civil cause of action and permits punitive damages. Given its differences from this case, Breimhorst does not support the concurrence and dissent’s position. There, the cause of action was new, adequate, and fundamentally different, but here the retaliatory discharge cause of action, while new to workers’ compensation, is not fundamentally different than such causes of action under the common law. In actuality, it is fundamentally the same.
Our decision in Abraham reaffirmed Minnesota’s constitutional guarantee of the right to a jury trial for actions at law regardless of whether the action is grounded in common law or statute.[6] 689 N.W.2d at 854. Abraham also clarified that in Minnesota, retaliatory-discharge claims are actions at law. Id. at 352-53. We even “recognized that the legislature abolished a common law cause of action for an employee injured on the job, replacing it with a remedy under the [WCA],” but explained that we “did not hold in Breim-horst that the legislature could deny the constitutional right to jury trial when it codifies, creates, or modifies a cause of action at law.” Id. at 353-54. Abraham also clarified the court’s earlier decision in Ewert: “We did not hold in Ewert that all statutory causes of action are equitable actions with no right to jury trial. When a statutory cause of action is legal in nature ... there is a constitutional right to jury trial.” Abraham, 639 N.W.2d at 354 (citation omitted).
While the concurrence and dissent contends that a retaliatory discharge claim[7] under Minn.Stat. § 176.82, subd. 1, is new, adequate, and fundamentally different from the common law action for retaliatory discharge, it offers no explanation as to why the claim is new, adequate, and fundamentally different, other than that the Legislature said that the WCA replaces common law remedies. The truth is that there is no fundamental difference between the statutory retaliatory discharge remedy in the WCA and its common law counterpart other than that the Legislature extended the cause of action to workers’ compensation cases. The Legislature defines the cause of action as a “civil action for damages,” Minn.Stat. § 176.82, subd. 1, just like its common law analog. The elements of the cause of action are exactly the same as a common law wrongful discharge claim, as examined in Abraham.[8] *677 In other words, the cause of action here, as defined by the Legislature in Minn.Stat. § 176.82, subd. 1, is identical in all relevant respects to the cause of action in Abraham. Because the Minnesota Constitution cannot be abrogated by statute, the Legislature cannot simply place a workers’ compensation label on a common law cause of action and do away with the jury-trial requirement. Abraham, 689 N.W.2d at 354 (“[T]he legislature may expand the right to a jury but it may not withdraw the constitutional right to jury trial merely by codifying a common law cause of action.”). But essentially, the concurrence and dissent contends that the Legislature can do just that.
What we said in Abraham bears repeating here: “[W]e clarify today that the right to a jury trial applies to all causes of action at law, regardless of whether the legislature has codified the cause of action.” Abraham, 639 N.W.2d at 354. Here, the Legislature codified a cause of action at law. In short, if the Legislature creates a cause of action at law within a non-remedial statutory scheme, claims under that cause of action are no different than any other cause of action at law and the claimant is entitled to a jury trial on the claim.
By the plain language of MinmStat. § 176.82, subd. 1, the Legislature created a civil action for damages for retaliating against an employee for seeking workers’ compensation benefits. By their very nature, civil actions, which are litigated in district court, are outside the workers’ compensation system and damages awarded on the claim do not constitute workers’ compensation benefits. Karnes v. Quality Pork Processors, 532 N.W.2d 560, 563 (Minn.1995) (“A section 176.82 retaliatory discharge action is ... a common law cause of action outside the purview of the [WCA].”). Thus, U.S. Steel’s contention that the WCA’s comprehensive statutory scheme abolished and repealed all existing common law causes of action is unavailing. With respect to Minn.Stat. § 176.82, subd. 1, the Legislature did just the opposite; it codified a civil action for damages for retaliatory discharge. Therefore, we conclude that an employee who brings an action seeking monetary damages under section 176.82, subdivision 1, for retaliatory discharge is entitled to a jury trial.
II.
We next address U.S. Steel’s contention that it was entitled to assert a Faragher/Ellerth defense to Schmitz’s threat-to-discharge claim. The district court awarded Schmitz $15,000 in emotional-distress damages on his threat-to-discharge claim under Minn.Stat. § 176.82, subd. 1, crediting Schmitz’s testimony that his foreman’s supervisor, L.S., told him that the compa *678 ny “would not look favorably upon” Schmitz if he filed an accident report. U.S. Steel subsequently moved for amended findings, asking the district court to find that U.S. Steel satisfied the Faragher/Ellerth defense to supervisor misconduct. The district court concluded that U.S. Steel was not entitled to assert the defense and denied U.S. Steel’s motion. The court of appeals affirmed, concluding that U.S. Steel was vicariously liable for its supervisor’s threat to discharge an employee for seeking workers’ compensation benefits. Schmitz II, 831 N.W.2d at 673.
In Faragher and Ellerth, the United States Supreme Court held that under agency principles, an employer is liable for actionable discrimination caused by a supervisor. Faragher v. City of Boca Raton, 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998); Burlington Indust., Inc. v. Ellerth, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). The Court further held, however, that in sexual harassment cases involving a hostile environment “created by a supervisor with immediate (or successively higher) authority over the employee,” an employer may raise an affirmative defense to liability if no tangible employment action is taken and if the employer proves by a preponderance of the evidence (1) “that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior” and (2) “that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.” Ellerth, 524 U.S. at 765, 118 S.Ct. 2257; Faragher, 524 U.S. at 807, 118 S.Ct. 2275.
In essence, U.S. Steel is asking us to extend the Faragher ¡Ellerth affirmative defense to claims beyond hostile environment sexual harassment. We decline to do so. Therefore, we affirm the court of appeals.
Affirmed.

. The United States Supreme Court first recognized this defense in Faragher v. City of Boca Raton, 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998), and Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998), two decisions released on the same day. The decisions established a standard for employer vicarious liability for hostile-environment sexual-harassment claims. As a result of these decisions, a Faragher/Ellerth defense is available to employers as an affirmative defense to employee claims involving hostile work environment harassment by the employee’s supervisors or superiors. An employer who proves that (1) it exercised reasonable care to prevent and correct workplace harassment and (2) the victim-employee unreasonably failed to take advantage of employer-established preventive and corrective mechanisms can satisfy the affirmative defense. Faragher, 524 U.S. at 807, 118 S.Ct. 2275; Ellerth, 524 U.S. at 765, 118 S.Ct. 2257. We adopted the Faragher/Ellerth affirmative defense, in the context of hostile-environment sexual-harassment claims brought under the Minnesota Human Rights Act, in Frieler v. Carlson Marketing Group, Inc., 751 N.W.2d 558, 568 (Minn. 2008).

. In the meantime, Schmitz filed a claim for workers’ compensation benefits in April '2007 for the December 2006 injury. U.S. Steel denied liability. A compensation judge denied the petition in June 2008 after concluding that Schmitz’s December 2006 injury was not work-related.

. In its petition for review to this court, U.S. Steel raised two issues: (1) whether there is a right to a jury trial for retaliatory-discharge claims brought under Minn.Stat. § 176.82, subd. 1; and (2) whether U.S. Steel could raise a Faragher/Ellerth defense. Schmitz did not file a petition for cross-review. Thus, only the two issues raised by U.S. Steel are properly before us.

. In Abraham, we looked to Tyroll v. Private Label Chemicals, Inc., 505 N.W.2d 54 (Minn. 1993), to identify the "thread run[ning] through [the court’s] line of decisions.” Abra *675 ham, 639 N.W.2d at 349. In Tyroll, an employer/insurer intervened in an injured worker’s suit against a third-party tortfeasor. 505 N.W.2d at 56. The court held that either party was entitled to a jury trial on a subrogation claim arising under the WCA. Id. at 57; see also Abraham, 639 N.W.2d at 349 ("In Tyroll, ... [w]e concluded that the claims were common law issues triable to a jury because of the essential nature and character of the controversy, even though the [WCA] statutorily created the right of the employer-insurer to intervene and maintain the action as a subrogee long after our constitution was adopted.”). Tyroll contradicts U.S. Steel's argument that no juiy-trial right exists for any and all claims connected to the WCA. It is undisputed that Schmitz’s retaliatory-discharge claim and Tyroll both involve rights arising under the WCA. Schmitz's claim involves the right to be free from retaliatory discharge for seeking workers’ compensation benefits; and Tyroll involves the right to sub-rogation. As evidenced by Tyroll, just because a case involves a right arising under the WCA (or is in some way connected to the WCA) does not mean there is no right to a jury trial.

. The concurrence and dissent cites McDaniel, 469 N.W.2d at 85-86, to support its contention that because the WCA abolished an injured employee’s common law action for damages, a retaliatory-discharge claim under Minn.Stat. § 176.82, subd. 1, does not carry the right to a jury trial. However, McDaniel does not undermine the court’s declaration in Abraham that "the right to a jury trial applies to all causes of action at law, regardless of whether the legislature has codified the cause of action.” Abraham, 639 N.W.2d at 354. The concurrence and dissent is wrong. Our conclusion that retaliatory-discharge claims under Minn.Stat. § 176.82, subd. 1, carry an attendant right to a jury trial is consistent with Abraham and is rooted in the Legislature's creation of a civil action that is legal in nature.

. The concurrence and dissent’s focus is on the fact that workers’ compensation is not an outgrowth of the common law. 1 Arthur Larson & Lex K. Larson, Larson’s Workers' Compensation Law, ch. 2, Scope (2013). That focus is misplaced. Regardless of whether the exact cause of action of retaliatory discharge existed at common law, retaliatory discharge is a cause of action at law because it is the type of action that would have been an action at law in 1857. Whether it existed at common law is not dispositive. What is dispositive is the Legislature’s creation of a civil action under Minn.Stat. § 176.82, subd. 1.

. The Legislature created a new system to address work-related injuries when it enacted the WCA. Under that system, an injured employee's entitlement to workers’ compensation benefits is not subject to a jury determination. Nor is the injured employee entitled to have an Article IV judge make that determination. While a claim for workers’ compensation benefits is not an action at law, a retaliatory-discharge claim seeking only money damages is by definition legal in nature. Minn.Stat. § 176.82, subd. 1 (stating that an employer may be "liable in a civil action” for damages for discharging an employee for seeking workers' compensation benefits).

.U.S. Steel and the concurrence and dissent ignore some fundamental tenets of our decision in Abraham. First, we explained in Abraham that in our Breimhorst decision we concluded that "when the legislature abolished a common law cause of action and substituted a remedy that was new, adequate, and fundamentally different from that which *677 was provided at common law, there was no constitutional right to a jury.” Abraham, 639 N.W.2d at 353-54 (citing Breimhorst, 227 Minn, at 434, 35 N.W.2d at 734). With the creation of the WCA, the Legislature abolished common law tort claims for injured workers and provided new remedies. One of those remedies is a claim for retaliatory discharge, a claim that is not fundamentally different from claims that would have been available at common law. Therefore, retaliatory-discharge claims brought under section 176.82, subdivision 1, carry an attendant right to trial by jury. Second, in Abraham, we made clear that in Breimhorst we did not hold that the Legislature could deny the constitutional right to jury trial by codifying, creating, or modifying a cause of action at law. Abraham, 639 N.W.2d at 354. Ultimately, what U.S. Steel and the concurrence and dissent fail to recognize is that the Legislature, as part of the WCA's comprehensive statutory scheme, created a new and adequate remedy for a claim of retaliatory discharge, a civil cause of action to be litigated as a claim for damages in district court and not before the quasi-judicial bodies set up to hear workers' compensation claims.