ANDERSON, Justice
(concurring in part, dissenting in part).
I concur with Part II of the majority opinion, concluding that an employer may not assert a Faragher/ElleHh defense to a threat-to-discharge claim under Minn.Stat. § 176.82, subd. 1 (2012), but I dissent as to Part I regarding the right to a jury trial under that statute. While I agree with the majority that we normally look to the nature and character of an action to determine the right to a jury trial, this analysis does not apply in situations in which the Legislature has specifically abolished a common law cause of action and replaced it with a fundamentally new and different remedy. Abraham v. Cnty. of Hennepin, 639 N.W.2d 342, 353-54 (Minn.2002). Minnesota Statutes § 176.82, subd. 1, is part of the Workers’ Compensation Act (WCA), and we have repeatedly held that the Legislature can either grant or withhold the right to a jury trial under the WCA because the Act creates new remedies that abolish and replace any common law causes of action. Abraham, 639 N.W.2d at 353-54; Breimhorst v. Beckman, 227 Minn. 409, 434, 35 N.W.2d 719, 734 (1949). Because the Legislature did not provide for a jury trial and because this right is not guaranteed in this situation under Article I, Section 4, of the Minnesota Constitution, I conclude that there is no right to a jury trial for claims brought under Minn.Stat. § 176.82, subd. 1. Therefore, I respectfully dissent.
*679 I.
As the majority discusses, the right to a jury trial must stem from either statute or the Minnesota Constitution. Ewert v. City of Winthrop, 278 N.W.2d 545, 550 (Minn. 1979). Looking first at whether the right to a trial by jury is protected by the Minnesota Constitution, Article I, Section 4, states that “[t]he right of trial by jury ... shall extend to all cases at law.” We have clarified that this right attaches not only to causes of action that existed when the Minnesota Constitution was written, but also to causes of action that are “the same type of action for which a jury trial existed when the constitution was adopted, any cause of action at law.” Abraham, 639 N.W.2d at 349. This includes causes of action in which the Legislature “codifies, creates, or modifies a cause of action at law.” Id. at 354. But “when the legislature abolishe[s] a common law cause of action and substitute^ a remedy that [i]s new, adequate, and fundamentally different from that which was provided at common law, there [i]s no constitutional right to a jury.” Id. at 353-54; see also Breimhorst, 227 Minn. at 434, 35 N.W.2d at 734 (“[W]hen a certain action at law is abolished the right of jury trial incident thereto is no longer involved.”).
The WCA is one instance in which we have acknowledged that the Legislature abolished the common law and replaced it with a new, adequate, and fundamentally different remedy. Abraham, 639 N.W.2d at 353-54; Breimhorst, 227 Minn. at 436, 35 N.W.2d at 735 (“By the weight of authority, it is recognized that compulsory workmen’s compensation acts similar to ours do provide a remedy which is an adequate substitute for the common-law or statutory action for damages for injuries sustained by an employe[e] in his employment.”); see also McDaniel v. United Hardware Distrib. Co., 469 N.W.2d 84, 85 (Minn.1991) (“Section 176.82 is not a codification of the common law.”). ‘Workers’ compensation is not an outgrowth of the common law or of employers’ liability legislation; it is the expression of an entirely new social principle.:.. ” 1 Arthur Larson & Lex K. Larson, Larson’s Workers’ Compensation Law, ch. 2, Scope (2013); see also Elmer H. Blair, Reference Guide to Workmen’s Compensation § 1.00 (1974) (“Workmen’s compensation statutes today are recognized as substitutes for, not supplements to, common law tort actions.”).
Thus, the workers’ compensation system is “a unique system which is neither a branch of tort law nor social insurance.” 1 Larson & Larson, supra, § 1.02. The separation of workers’ compensation from common law concepts, including the rights, remedies, and defenses that would be found in tort law, is essential to ensuring that the workers’ compensation system functions properly. Professor Larson has noted that “[ajlmost every major error that can be observed in the development of compensation law, whether judicial or legislative, can be traced ... to the importation of tort ideas,” in part due to “thwarting the social purposes of the legislation by the importation of common-law restrictions.” Id. §§ 1.02, 1.04[4]. The majority incorrectly treats the WCA, including Minn.Stat. § 176.82, subd. 1, as simply creating new civil actions, similar to the common law actions that previously existed. The Legislature created new remedies through the WCA, but these are fundamentally new remedies that abolished the civil tort actions that previously existed. To treat Minn.Stat. § 176.82, subd. 1, as simply a new civil action, as the majority does, ignores the unique remedies contained in the WCA and the purpose behind those remedies.
The Legislature’s intent that the WCA, including Minn.Stat. § 176.82, subd. 1, *680 serve as a replacement for any previous common law causes of action can be found in Minn-Stat. § 176.001 (2012). The Legislature specifically states that the workers’ compensation laws found in chapter 176 “are not remedial in any sense,” and that the system is “based on a mutual renunciation of common law rights and defenses by employers and employees alike.” Minn. Stat. § 176.001. The Legislature determined that the benefits gained by this system, including “the quick and efficient delivery of indemnity and medical benefits to injured workers at a reasonable cost to the employers,” id., warranted the loss of common law rights and defenses, including the right to a jury trial. Therefore, it is clear that the workers’ compensation system, as laid out in chapter 176, was intended to abolish common law causes of action and replace them with an entirely new system.
II.
Minnesota’s system for workers’ compensation includes Minn.Stat. § 176.82, subd. 1, the retaliatory-discharge provision at issue here. Federal courts have previously held that where a retaliatory-discharge claim is created by an express provision within the workers’ compensation scheme, that retaliatory-discharge claim arises under the state’s workers’ compensation laws and not the common law. See Humphrey v. Sequential Inc., 58 F.3d 1238, 1246 (8th Cir.1995) (“[Wjhere a state legislature enacts a provision within its workers’ compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers’ compensation laws of that state_”). This concept of “arising under” the workers’ compensation scheme distinguishes between causes of action that are grounded in a specific workers’ compensation statute and claims that are based on statutes that cover many types of wrongful discharge or stem from the common law tort system. See Hanna v. Fleetguard, Inc., 900 F.Supp. 1110, 1118-19 (N.D.Iowa 1995) (distinguishing “claims of retaliatory discharge ... [that] are expressly provided for in [a state’s] statutory workers’ compensation scheme,” and therefore “arise under” the workers’ compensation laws, from retaliatory discharge claims “fashioned by the courts from a state’s common law” that do not “arise under” the workers’ compensation scheme even when applied to retaliation for filing a workers’ compensation claim).[1] This means Minn.Stat. § 176.82, subd. 1, which is located within the WCA and is a specific remedy created exclusively for retaliation based on filing a workers’ compensation claim, is properly viewed as a part of the workers’ compensation system, and so it should be analyzed as a workers’ compensation remedy, not as a general tort remedy.[2]
*681 The majority claims that the remedy provided in Minn.Stat. § 176.82, subd. 1, is not fundamentally different from claims available at common law, but this argument ignores the fact that Minn.Stat. § 176.82, subd. 1, could not have existed at common law. A remedy for- retaliation based on filing a WCA claim did not and could not exist without the WCA itself. Put simply, Minn.Stat. § 176.82, subd. 1, is one remedy in a new, unique system of rights and obligations that was entirely foreign to the common law. As such it should be treated the same way as the other causes of action in the WCA, which we have recognized do not include the right to a jury trial because they are fundamentally different remedies that serve as a replacement for the common law causes of action abolished by the WCA.[3] See Breimhorst, 227 Minn. at 434, 35 N.W.2d at 734.
If the Legislature had intended for Minn.Stat. § 176.82, subd. 1, to operate as a common law tort or general cause of action for wrongful discharge instead of as part of the unique system created by the WCA, the Legislature easily could have done so. For example, instead of creating MinmStat. § 176.82, subd. 1, as a provision within the WCA, and therefore subject to the opening statement of intent found in Minn.Stat. § 176.001, the Legislature could have modified the statutes that codified the tort of retaliatory discharge, such as Minn.Stat. § 181.932 (2012), to simply include retaliation for filing a worker’s compensation claim. It did not do so. Minnesota Statutes § 176.82, subd. 1, therefore, is properly analyzed as a unique remedy created under the WCA, which abolished rather than codified or modified any common law causes of action.[4]
The majority relies on Abraham to support the assertion of a right to a jury trial where retaliatory-discharge claims are made. But because Minn.Stat. § 176.82, subd. 1, abolished and replaced the common law, the framework laid out in Abraham simply does not apply here. Abraham did not deal with the abolition and replacement of the common law, but rather with situations in which the Legislature “codifies, creates, or modifies a cause of action at law.” Abraham, 639 N.W.2d at 354. In Abraham, we stated that “when the legislature abolishe[s] a common law cause of action and substitute^] a remedy that [i]s new, adequate, and fundamentally different from that which was provided at common law, there [i]s no constitutional right to a jury.” Id. at 353-54. We specifically distinguished the facts in Abra *682 ham from remedies created under the WCA, noting that workers’ compensation remedies abolish and replace common law causes of action, and so there is no constitutional right to a jury trial on these claims. Id.[5] Therefore, contrary to the majority’s analysis, Abraham bolsters the conclusion that there is no constitutional right to a jury trial for claims brought under Minn.Stat. § 176.82, subd. 1, because that statute, as part of the workers’ compensation system, does not codify, create or modify a cause of action at law. Instead, Minn.Stat. § 176.82, subd. 1, abolished and replaced common law causes of action with a fundamentally new type of remedy that is part of the unique statutory system for workers’ compensation, which, according to Abraham, puts it outside the scope of the right to a jury trial provided by Article I, Section 4, of the Minnesota Constitution.
III.
Because there is no constitutional right to a jury trial for claims brought under Minn.Stat. § 176.82, subd. 1, the next task is to determine whether the statute itself provides a jury trial right. Minnesota courts have recognized that the Legislature has chosen to withhold the right to a jury trial in Minn.Stat. § 176.82, subd. 1. Snesrud v. Instant Web, Inc., 484 N.W.2d 423, 427 (Minn.App.1992) (concluding that a jury trial was not required because “section 176.82 has no element of a common law claim which could otherwise support the right to a jury trial”), rev. denied (Minn. June 17, 1992). The text of Minn. Stat. § 176.82, subd. 1, says nothing about granting the right to a jury trial, and other portions of the WCA do not include the right to a jury trial, even when the claims governed by those provisions are heard in a district court. See Minn.Stat. § 176.301 (2012) (“When a workers’ compensation issue is present in the district court action, the court may try the action itself without a jury, or refer the matter to the chief administrative law judge for assignment to a compensation judge.” (emphasis added)); see also Breimhorst, 227 Minn. at 434, 35 N.W.2d at 734 (concluding that a remedy provided by the WCA did not include the right a jury trial).
Concluding that Minn.Stat. § 176.82, subd. 1, provides for a jury trial right, even though the Legislature did not provide for such a right, is not in harmony with the rest of the WCA. See Jackson v. Mortg. Elec. Registration Sys., Inc., 770 N.W.2d 487, 496 (Minn.2009) (noting that we construe a statute “as a whole so as to harmonize and give effect to all its parts”). *683 Reading the right to a jury trial into Minn. Stat. § 176.82, subd. 1, also goes against the intent of the Legislature that all remedies included within chapter 176 are based on the “mutual renunciation of common law rights and defenses by employers and employees alike.” Minn.Stat. § 176.001. Furthermore, allowing a jury to calculate the “diminution in workers’ compensation benefits” incurred by the retaliation under Minn.Stat. § 176.82, subd. 1, subverts an underlying rationale for the workers’ compensation system, which is that a compensation judge can more efficiently and accurately determine appropriate workers’ compensation benefits than a jury with no workers’ compensation experience.[6] Thus, the Legislature neither explicitly nor implicitly intended Minn.Stat. § 176.82, subd. 1, to include the right to a jury trial.
IV.
Because the Legislature did not provide for the right to a jury trial and because this right is not guaranteed under Article I, Section 4, of the Minnesota Constitution, for remedies created by statute that abolish and replace common law actions, I conclude that there is no right to a jury trial under Minn.Stat. § 176.82, subd. 1. Therefore, I respectfully dissent on this issue.[7]

. Although the majority cites Tyroll v. Private Label Chemicals, Inc. as evidence that we have previously found the right to a jury trial in a case involving rights connected to the WCA, Tyroll did not involve a cause of action arising under the WCA. 505 N.W.2d 54, 57 (Minn. 1993) (discussing the cause of action as "a routine negligence personal injury action”). In Tyroll, the employer’s right to sub-rogation, not the actual cause of action, was found in the Workers’ Compensation Act. Id. This is a far different position than the case before us today, in which the cause of action itself, not just a right that can be applied to other causes of actions, was established by the WCA.

. See also McDaniel, 469 N.W.2d at 85 ("Section 176.82 is not a codification of the common law."); Sipe v. STS Mfg., Inc., 834 N.W.2d 683, 687 (Minn.2013) (referring to Minn.Stat. § 176.82 as "an intentional tort created by statute," and distinguishing it from an "action originat[ing] at common law”).

. The majority argues that the Legislature cannot abrogate the constitutional right to jury trial by rebranding a common-law tort as a workers’ compensation claim. True enough, but this critique misses the point: Minn.Stat. § 176.82, subd. 1 is not a mere codification of common-law retaliatory discharge. Despite similarities to preexisting tort law, workers’ compensation is a novel statutory scheme with distinct rights, responsibilities, and procedures. The Legislature therefore did not abrogate a constitutional right to jury trial because such a right never existed in the first place.

. Although historically there was no specific common law action correlating to the modem remedy provided in Minn.Stat. § 176.82, subd. 1, we have recognized that there was a general "species” of wrongful-discharge actions at common law that was similar to modern retaliatory-discharge claims. Abraham, 639 N.W.2d at 350. The inclusion of Minn. Stat. § 176.82, subd. Í, in the WCA precluded the use of these general wrongful discharge actions from ever applying to retaliation claims based on filing a WCA claim. In that sense Minn.Stat. § 176.82, subd. 1, abolished the common law system that could have been used to handle retaliatory discharge claims related to workers' compensation claims and replaced that common law system with a remedy that is unique to the context of workers’ compensation.

. Specifically, in Abraham we had the opportunity to overrule Breimhorst, 227 Minn. at 434, 35 N.W.2d at 734, which held that there was no right to a jury trial for a remedy created under the WCA. See Abraham, 639 N.W.2d at 353-54. Instead of overruling Bre-imhorst, however, we carefully distinguished it in Abraham because Breimhorst involved the WCA. Abraham, 639 N.W.2d at 353 (stating that the analysis in Abraham was "not altered by our decision[] in Breimhorst" because the "remedy under the Workers’ Compensation Act” at issue in Breimhorst was "new, adequate, and fundamentally different from the common law cause of action”). The majority concludes that the right to a jury trial exists in the present dispute because the cause of action is legal in nature and the plaintiff seeks monetary damages, but this analysis would also lead to the conclusion that the plaintiffs in Breimhorst, in which the action was also legal in nature and the plaintiffs sought monetary damages, had a right to a jury trial. Thus, it is essential to recognize that the formulation in Abraham of examining the type of action and the type of relief to determine if a jury trial right exists does not apply in cases — including Breimhorst, the case before us today, or other cases arising under the WCA — in which the remedy designed by the Legislature is a new, adequate, and fundamentally different substitution for any common law causes of action that could have otherwise applied.

. Although perhaps not relevant in this case, Minn.Stat. § 176.82, subd. 1, allows an employee to seek damages that are based on the workers’ compensation benefits to which the employee is entitled. Thus, under the majority’s analysis, if workers' compensation benefits have not yet been awarded to the employee, a jury may be asked to determine the amount of benefits to which the employee theoretically would be entitled. The practical challenges associated with a jury attempting to assess a future stream of benefits to be awarded by a future workers’ compensation court are obvious and daunting.

. My conclusion that no constitutional right to a jury trial attaches here should not be confused with the public policy argument for enacting statutory authority for a jury trial in these circumstances. The Legislature created the workers’ compensation system and it is to the Legislature that this public policy issue should be addressed.