*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1228**

Martin L. McDonal,
Appellant,

vs.

SuperValu, Inc.,
Respondent.

**Filed March 30, 2015
Affirmed
Connolly, Judge**

Hennepin County District Court
File No. 27-CV-13-12667

Clayton D. Halunen, Barbara J. Felt, Halunen & Associates, Minneapolis, Minnesota; and

Karin Kiesselbach Ciano, Karin Ciano Law, PLLC, Minneapolis, Minnesota (for appellant)

Julie Fleming-Wolfe, St. Paul, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Worke, Judge; and Connolly, Judge.

UNPUBLISHED OPINION

**CONNOLLY**, Judge

Appellant challenges the summary judgment granted to respondent, his employer, dismissing appellant's claims for retaliatory and discriminatory discharge. Because we agree with the district court that appellant did not present a prima facie case of retaliatory discharge and that, although he did present a prima facie case of discriminatory discharge, he provided insufficient evidence as a matter of law to prove that the claimed reason for the discharge was pretextual, we affirm.

## FACTS

Appellant Martin McDonal began working for respondent SuperValu Inc. in 2000. Respondent's employees belong to a union and are subject to a break-time rule (BTR), which requires employees to be at their work stations throughout their shifts except for two 15-minute breaks and 2.5 minutes of travel time before and after each break.

In April 2008, appellant received a verbal warning for taking an unauthorized break. In May 2008, he received a second verbal warning for taking an unauthorized break and a written warning for taking an extended break. In August 2008 he received a one-day suspension for leaving work early. In September 2008, he received a three-day suspension for taking an unauthorized break. In November 2008, he took another unauthorized break, which resulted in his termination.

Appellant filed a grievance with his union, and his termination was arbitrated. The arbitrator determined that appellant had repeatedly violated the BTR but that the violations did not justify his termination. Appellant returned to work in September 2010

without back pay under a "last-chance agreement," i.e., with the conditions that SuperValu could terminate him for any future violation of the BTR and that he would be barred from arbitrating the termination.

In March 2011, appellant was injured at work and filed a claim for workers' compensation benefits. On March 30, 2011, he violated the BTR by being away from his work area for almost two hours. He was suspended from work on April 1, 2011. On April 8, 2011, appellant explained his version of the events of March 30 at a meeting with his union representative, a SuperValu human-resources director, and the director of his department. In light of the last-chance agreement, SuperValu terminated appellant, and his union dropped his grievance of the termination.

Appellant filed a charge of race discrimination with the United States Equal Employment Opportunity Commission (EEOC), which dismissed the charge after taking evidence and finding no probable cause.

Appellant then initiated this lawsuit, alleging one count of retaliatory discharge under the Minnesota Workers' Compensation Act (MWCA) and one count of race discrimination in violation of the Minnesota Human Rights Act (MHRA).[1] SuperValu moved for summary judgment on both claims and, after a hearing, the district court granted the motion and dismissed appellant's claims with prejudice.

Appellant challenges the grant of summary judgment, arguing that genuine issues of material fact preclude the dismissal of his claims.

---

[1] Appellant also alleged two other counts; the parties stipulated to the dismissal of those counts.

3

**D E C I S I O N**

**Standard of Review**

This court reviews a summary-judgment decision de novo, asking whether the district court properly applied the law and whether any genuine issue of material fact precludes summary judgment. *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 170 (Minn. 2010). The nonmoving party must present evidence that does more than merely create a metaphysical doubt about an essential element of the moving party's claims. *DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997); *see also Risdall v. Brown-Wilbert, Inc.*, 759 N.W.2d 67, 72 (Minn. 2009) ("A self-serving affidavit that contradicts other testimony is not sufficient to create a genuine issue of material fact.").

**1.     MWCA Retaliatory-Discharge Claim**

> [A]n employee alleging retaliatory discharge must first make out a prima facie case consisting of three elements: (1) statutorily protected conduct by the employee; (2) adverse employment action by the employer, and (3) a causal connection between the two. The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. If the employer meets that burden of production, the burden shifts back to the employee to demonstrate that the employer's stated reason for its action was more likely than not pretextual.

*Schmitz v. U.S. Steel Corp.*, 831 N.W.2d 656, 670-71 (Minn. App. 2013) (citations omitted), *aff'd*, 852 N.W.2d 669 (Minn. 2014). It is undisputed that appellant filed a claim for workers' compensation benefits in March 2011 and that SuperValu terminated him on April 8, 2011; thus, the first two elements are met.

4

But appellant did not meet the third element: he provided no evidence of a causal connection between his application for workers' compensation benefits and his termination. In his brief in opposition to SuperValu's motion for summary judgment, the only causation argument appellant made was that his application for workers' compensation benefits and his termination were close in time. As the district court observed in its thorough and well-written opinion,

> [appellant] chose to rest on the mere temporal proximity between his workplace injury and the adverse employment action by [SuperValu], stating that the period of a little under three weeks supports his retaliation claim under the [M]WCA. But without some additional evidence, the mere temporal proximity cannot demonstrate causal connection between the two.

The fact that appellant's statutorily protected conduct was less than a month before SuperValu's adverse action is insufficient to establish causation. "[C]ourts have been hesitant to find pretext or discrimination on temporal proximity alone and look for proximity in conjunction with other evidence." *Hansen v. Robert Half Intern., Inc.*, 796 N.W.2d 359, 367 (Minn. App. 2011) (quotation omitted) (affirming decision that termination occurring the day after employee returned from maternity leave because employee's position had been eliminated did not violate MHRA), *aff'd*, 813 N.W.2d 906 (Minn. 2012).

For the first time on appeal, appellant argues that "[o]ther evidence surrounding [his] termination buttresses the causal link required for purposes of the MWCA." But, on appeal, a party cannot obtain review of issues not presented to and considered by the district court or of "the same general issue litigated below but under a different theory."

*Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). Thus, appellant's argument that other evidence supported the view that seeking workers' compensation benefits caused his termination is not properly before us.

The district court correctly concluded that appellant failed to show one element of the prima facie case, i.e., that his termination was caused by his seeking workers' compensation benefits.

## 2. MHRA Discrimination Claim

The test that applies to a retaliatory-discharge claim also applies to a discriminatory-discharge claim. *Hoover v. Norwest Private Mortg. Banking*, 632 N.W.2d 534, 542 (Minn. 2001).

> [In] the discriminatory discharge setting, the plaintiff must show that [he]: (1) is a member of a protected class; (2) was qualified for the position from which [he] was discharged; and (3) was replaced by a non-member of the protected class. If the plaintiff makes out a prima facie case, the burden of production shifts to the defendant who, in order to avoid summary judgment, must produce admissible evidence sufficient to allow a reasonable trier of fact to conclude that there was a legitimate, nondiscriminatory reason for the discharge. If the defendant provides a legitimate, nondiscriminatory reason for its actions, the presumption of discrimination disappears and the plaintiff has the burden of establishing that the employer's proffered reason is a pretext for discrimination.

*Id*. (quotation and citations omitted). "[A]t all times, the employment discrimination plaintiff retains the burden of establishing that the defendant's conduct was based on unlawful discrimination." *Id.* at 546. The district court concluded that appellant made a prima facie case for discriminatory discharge but failed to provide evidence that

6

SuperValu's legitimate nondiscriminatory reason, i.e., the violation of the BTR by an employee who had been reinstated with the condition that any BTR violation would be a basis for termination, was a pretext for racial discrimination as appellant alleged.

To prove that this reason was pretextual, appellant, who is an African American, would need to show that a non-African-American employee who was reinstated under the same last-chance condition and who again violated the BTR was not terminated. Appellant makes no such showing. He claims that the video of the entrance to the break room shows some white employees entering and remaining longer than 15 minutes but, as the district court noted, appellant provided no evidence regarding whether the white employees had permission to be in the break room, whether they received minor discipline as a result of being in the break room, or, most significantly, whether they were working under a last-chance condition.

Appellant's final argument that "[t]here is no evidence in the record . . . to suggest that SuperValu's [BTR] was intended to apply differently to employees who had a history of infractions than it applied to employees who had not been previously cited for other violations" is unpersuasive for two reasons. First, SuperValu has a progressive discipline policy: as appellant experienced in 2008, each violation of the BTR is met with a more severe penalty than the previous violation, so employees with a history of infractions are not treated like first-time offenders. Second, the last-chance agreement clearly set out that appellant would not be treated as a first-time offender if he violated the BTR.

Appellant's MWCA retaliatory-discharge claim fails because he did not show any causation between his seeking workers' compensation benefits and his termination; his MHRA discrimination claim fails because he did not show that SuperValu's legitimate reason for terminating him–his violation of the BTR while on a last-chance agreement that any such violation could result in termination–was a pretext for racial discrimination.

**Affirmed.**