*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1183**

Anibal Sanchez,
Appellant,

vs.

Dahlke Trailer Sales, Inc.,
Respondent.

**Filed June 6, 2016
Reversed and remanded
Reilly, Judge**

Anoka County District Court
File No. 02-CV-14-4945

Joshua A. Newville, Jigar A. Madia, Madia Law LLC, Minneapolis, Minnesota (for appellant)

Todd L. Nissen, Drawe & Heisick, Edina, Minnesota (for respondent)

Considered and decided by Reilly, Presiding Judge; Connolly, Judge; and Stauber, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REILLY**, Judge

Appellant-employee, an undocumented immigrant, challenges the district court's grant of summary judgment, dismissing his claim for retaliatory discharge in violation of the Minnesota Workers' Compensation Act. Appellant argues that the district court erred

by concluding that he failed to establish a prima facie case of retaliation when respondent placed appellant on indefinite, unpaid leave following his filing for workers' compensation benefits. We reverse and remand.

## FACTS

Appellant Anibal Sanchez immigrated to the United States in December of 1998. Although he is not authorized to work in the United States, appellant began working for respondent Dahlke Trailer Sales, Inc. in February 2005. In September 2013, appellant injured his leg, neck, and back at work while using a sandblaster. Appellant filed a workers' compensation claim two months later and provided deposition testimony in support of his claim. During his deposition, respondent's attorney inquired about appellant's immigration status, and appellant acknowledged that he is not eligible to work in the United States. The following day, respondent placed appellant on indefinite, unpaid leave and compelled him to sign a document stating:

> Because you voluntarily told us that the social security card documentation you provided us was not good and that you are not eligible to work in the United States at this time, we are sending you home on an unpaid leave of absence. Once you provide us with legitimate paperwork showing that you can legally work in the United States, you can come back to work at Dahlke Trailer Sales.

Appellant subsequently filed a complaint alleging retaliatory discharge in violation of Minnesota Statutes section 176.82 (2014).[1] Appellant contends that respondent was

---

[1] Appellant's complaint also asserted a claim for national origin discrimination in violation of Minnesota's Human Rights Act, Minn. Stat. ch. 363A, but that issue is not before this court.

aware of his immigration status several years prior to his deposition, and placed him on indefinite, unpaid leave in retaliation for appellant's pursuit of workers' compensation benefits.

Respondent filed a motion for summary judgment in September 2014, which was denied. Six months later, respondent filed a second motion for summary judgment. The district court granted summary judgment in respondent's favor, concluding that appellant failed to establish a prima facie case of retaliation because "there was no adverse employment action taken against [appellant] because he filed for workers' compensation benefits." Because the district court determined that appellant did not establish a prima facie case of retaliation, it did not address whether respondent articulated a legitimate, nondiscriminatory reason for its actions, nor did it consider whether respondent's stated reason was pretextual. This appeal follows.

## D E C I S I O N

Appellant argues that the district court erred in determining that there were insufficient facts in the record to maintain a cause of action for retaliatory discharge. A district court may dispose of an action on the merits if there is no genuine dispute regarding the material facts and a party is entitled to judgment under the law applicable to such facts. *DLH, Inc. v. Russ*, 566 N.W.2d 60, 69 (Minn. 1997); Minn. R. Civ. P. 56.03. The district court must view the evidence in the light most favorable to the nonmoving party. *Day Masonry v. Indep. Sch. Dist. 347*, 781 N.W.2d 321, 325 (Minn. 2010). "We review de novo the district court's grant of summary judgment to determine whether genuine issues of material fact exist and whether the district court erred in applying the law." *Ruiz v. 1st*

3

*Fid. Loan Servicing, LLC*, 829 N.W.2d 53, 56 (Minn. 2013). In this appeal, we address whether an undocumented worker can maintain a cause of action for retaliatory discharge under Minn. Stat. § 176.82, subd. 1, and whether the district court erred by granting respondent's motion for summary judgment on the basis that appellant failed to establish a prima facie case for reprisal.

**I.**

The Minnesota Workers' Compensation Act (the Act) provides "a measure of security to workers injured on the job, with the burden of that expense considered a proportionate part of the expense of production." *Correa v. Waymouth Farms, Inc.*, 664 N.W.2d 324, 328 (Minn. 2003) (quotations omitted). The Act makes it unlawful for an employer to interfere with or discharge an employee for seeking workers' compensation benefits. Minn. Stat. § 176.82, subd. 1. In *Correa*, our supreme court articulated that the Immigration Reform Control Act (the IRCA) does not prohibit an undocumented worker from receiving workers' compensation benefits under the Act. 664 N.W.2d at 327, 329.

Respondent argues that requiring an employer to continue employing an undocumented worker, after discovering the worker's immigration status, would violate federal law.[2] But *Correa* instructs that the purpose of the IRCA is to prevent employers

---

[2] Respondent relies on the unpublished case of *Rivas v. Car Wash Partners*, 2004 WL 1444564 (Minn. Workers' Comp. Ct. App. June 4, 2004), from the Workers' Compensation Court of Appeals (the WCCA) to support this argument. We note as an initial matter that the WCCA's decisions are not binding authority. *Allan v. R.D. Offutt Co.*, 869 N.W.2d 31, 41 (Minn. 2015). Further, *Rivas* is factually distinguishable. In that case, an undocumented employee brought a retaliatory-discharge claim after suffering a workplace injury. *Rivas*, 2004 WL 1444564 at *1. The employer stated that the employee could return to work on the condition that he provide adequate documentation. *Id*. The

4

from hiring undocumented workers. *Correa*, 664 N.W.2d at 329. And, "to the extent that denying unauthorized aliens benefits . . . gives employers incentive to hire unauthorized aliens in expectation of lowering their workers' compensation costs, the purposes underlying the IRCA are not served." *Id.* at 332 n.4. Allowing an employer to escape potential liability under Minn. Stat. § 176.82, subd. 1, on the basis that the worker is undocumented does not discourage the employer from hiring undocumented workers at the outset. Applying *Correa*, we hold that the ICRA does not preclude an undocumented worker from maintaining a retaliatory discharge cause of action against his or her employer under Minn. Stat. § 176.82, subd. 1.

## II.

Having determined that appellant can maintain a cause of action under the Act's retaliatory discharge provision, we next consider whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P*., 644 N.W.2d 72, 76 (Minn. 2002). Retaliatory discharge claims arising under Minn. Stat. § 176.82, subd. 1, are analyzed under the three-part burden-shifting test established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973). *Schmitz v. U.S. Steel Corp.*, 831 N.W.2d 656, 670 (Minn. App. 2013), *aff'd,* 852 N.W.2d 669 (Minn. 2014). To establish a prima facie case under this framework,

---

WCCA held that it was reasonable for the employer to condition its job offer on proof of eligibility. *Id.* at *3. In *Rivas*, the employee worked for the employer for less than one week prior to the injury. *Id*. at *1. Here, by contrast, appellant worked for respondent for nearly nine years and appellant presented evidence that respondent was aware of his undocumented status.

5

an employee must demonstrate: (1) that the employee engaged in statutorily protected conduct; (2) that the employee suffered adverse employment action by the employer; and (3) the existence of a causal connection between the two. *Id.* If the employee establishes a prima facie case of retaliatory discharge, the burden shifts to the employer to "articulate a legitimate, nondiscriminatory reason for its actions." *Id.* at 670. If the employer meets that burden of production, the burden shifts back to the employee to demonstrate that the "employer's stated reason for its action was more likely than not pretextual." *Id.* at 670-71. It is undisputed that appellant engaged in statutorily protected conduct by filing a workers' compensation claim, satisfying the first prong. However, the parties dispute whether appellant's indefinite, unpaid leave constitutes an adverse action by the employer, and whether a causal connection exists between the protected action and the leave.

With respect to the second element, the district court determined that a reasonable trier of fact could not find that appellant suffered an adverse employment action because he could return to work if and when he can provide legitimate documentation enabling him to work in the United States. Respondent argues that because appellant was placed on unpaid leave, he has not suffered an adverse employment action as contemplated by the retaliatory discharge provision. We are not persuaded by this argument. "To satisfy the adverse employment action element, the employee must establish the employer's conduct resulted in a material change in the terms or conditions of . . . employment. Mere inconvenience without any decrease in title, salary, or benefits, or only minor changes in working conditions does not meet this standard." *Leiendecker v. Asian Women United of*

6

*Minn.*, 731 N.W.2d 836, 841-42 (Minn. App. 2007) (quotation and citation omitted), *review denied* (Minn. Aug. 7, 2007).

Here, respondent placed appellant on indefinite and unpaid leave, resulting in a loss of salary and benefits. Reduction of an employee's salary constitutes a "material change in the terms or conditions" of employment. *See id.* at 842 (stating that a decrease in salary, title, or benefits constitutes adverse employment action); *Bahr v. Capella Univ.*, 788 N.W.2d 76, 83 (Minn. 2010) ("An adverse employment action must include some tangible change in duties or working conditions."). Based on the record before us, we determine that the district court erred when it held that appellant did not suffer an adverse employment action.

With respect to the third element, appellant argues that the district court erred by concluding that he failed to establish a causal connection between the protected conduct and the adverse employment action. While the district court did not specifically address this element, it recognized that the adverse employment action "happened during the pendency of [appellant's] workers' compensation benefit litigation." In a *McDonnell-Douglas* analysis, a causal connection "may be demonstrated indirectly by evidence of circumstances that justify an inference of retaliatory motive, such as a showing that the employer has actual or imputed knowledge of the protected activity and the adverse employment action follows closely in time." *Hubbard v. United Press Int'l, Inc.*, 330 N.W.2d 428, 445 (Minn. 1983) (concluding causal connection existed when employee was terminated two days after initiating action). A causal link can be demonstrated by the

sequence of events leading up to a discharge. *Randall v. N. Milk Prods., Inc.*, 519 N.W.2d 456, 460 (Minn. App. 1994).

There are genuine issues of material fact regarding respondent's awareness of appellant's immigration status prior to his workers' compensation deposition. Appellant presented evidence that, two years prior to his injury, his employer asked him if he was "illegal," and appellant admitted that he was not documented to work in the United States. Respondent also received annual notices from the Social Security Administration that appellant's social security number did not match his name. Moreover, the record reflects evidence that appellant's relationship with respondent began to deteriorate only after he hired an attorney to assist with his workers' compensation claim. Shortly after hiring an attorney, respondent's owner told appellant, "I don't like attorneys and I didn't want you to get an attorney. Our bridge is broken." Respondent placed appellant on indefinite, unpaid leave the day following his deposition. Viewing the evidence in the light most favorable to the nonmoving party, *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn. 1993), we determine that the sequence of events and the timing of the adverse employment action creates an issue of material fact as to whether a causal connection exists.

## III.

Because the district court held that appellant did not establish a prima facie case of retaliation, it did not address the remaining two prongs of the *McDonnell-Douglas* burden-shifting analysis, specifically, whether respondent articulated a legitimate, nondiscriminatory reason for its actions or whether respondent's stated reason for its actions was pretextual. Instead, the district court held that appellant could not maintain a

8

cause of action for retaliatory discharge under Minn. Stat. § 176.82 and granted dispositive relief. We review a district court's grant of summary judgment de novo "to determine whether any genuine issue of material fact exists and whether the district court erred in applying the law." *Larson v. Nw. Mut. Life Ins. Co.*, 855 N.W.2d 293, 299 (Minn. 2014). An award of summary judgment will be affirmed if it can be sustained on any ground. *Winkler v. Magnuson*, 539 N.W.2d 821, 828 (Minn. App. 1995), *review denied* (Minn. Feb. 13, 1996).

The parties cursorily cited to the second and third prongs of the *McDonnell-Douglas* burden-shifting analysis in their materials related to the first summary judgment motion.[3] However, neither appellant nor respondent addressed the second or third prongs in the materials related to the second summary judgment motion, which forms the basis of this appeal. Further, the district court did not address the final two prongs in its order, and the record is not sufficiently developed for us to affirm under our de novo review. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (declining to consider matters not argued to and considered by the district court). Without commenting on the strength of appellant's case, we conclude that there are genuine issues of material fact regarding appellant's retaliation claim that must be further developed and determined in the first instance by the

---

[3] Respondent argued that it "had a legitimate, non-discriminatory reason for placing [appellant] on leave[.]" Respondent did not address the third prong. In its opposition brief, appellant argued that respondent's stated reason "was in retaliation for his pursuit of worker's compensation benefits through an attorney," and that "there is clearly a factual nexus, a proffered reason, and a basis to suspect the proffered reason is pretextual." The district court determined that there was a material fact question regarding whether respondent's proffered reason for placing appellant on leave was pretextual and denied summary judgment.

district court.  We therefore reverse the district court's order granting summary judgment and remand for further proceedings.

**Reversed and remanded**.